JULIUS HILLELSON, Respondent, *v.* OLD RELIABLE MOTOR TRUCK CORPORATION, Appellant.

First Department, March 7, 1924.

**Sales — conditional sale — resale of truck by seller in violation of Personal Property Law, former §§ 65 and 66 — buyer entitled to recover from seller payments made under contract — defense that retaking and resale were pursuant to new agreement with buyer not established — such defense should be pleaded — provisions of said §§ 65 and 66 cannot be waived.**

The buyer of a truck under a conditional contract of sale, dated August 9, 1918, is entitled to recover the payments made by him under the contract, where it appears that the seller after retaking the truck from a marshal resold the

same more than sixty days thereafter in violation of the provisions of former sections 65 and 66 of the Personal Property Law; and that the evidence does not sustain the contention of the seller that the resale was pursuant to a new contract with the buyer, but conclusively establishes that the resale was under the original contract.

The aforesaid provisions of the Personal Property Law cannot be waived.

The alleged defense that the resale was pursuant to a new contract was a defense in confession and avoidance and should have been so pleaded.

DOWLING and McAvoy, JJ., dissent.

APPEAL by the defendant, Old Reliable Motor Truck Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of December, 1922, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 22d day of December, 1922, denying the defendant's motion for a new trial made upon the minutes.

*Joseph B. Uniacke* [*Joseph A. Burdeau* of counsel], for the appellant.

*Samuel Sculnick,* for the respondent.

FINCH, J.:

The plaintiff on August 9, 1918, purchased a truck from the defendant under a contract of conditional sale whereby the purchase price of $2,477.50 was to be paid in certain installments. After the plaintiff had paid $1,172 on account of said purchase price, the truck was taken from his possession by a city marshal by levy under an execution issued in an action against plaintiff. The defendant recovered the truck from the marshal and sold the same after more than sixty days thereafter had expired, in violation of the provisions of the Personal Property Law (§§ 65, 66).* The plaintiff thereupon brought this action to recover the payments made by him under the contract of conditional sale. The defendant's contention is that the retaking was not pursuant to its rights under the contract of conditional sale, but was pursuant to a new agreement with the plaintiff whereby defendant was to recover the truck for the benefit of the plaintiff and the plaintiff was to reimburse the defendant for the expenses incident to such recovery. There is no proof of any such contract. Nothing less than a new contract which presupposes a new consideration will suffice. The provisions of the Personal Property Law above noted cannot be waived. (*Adler* v. *Weis & Fisher Co.,*

---

* Since repealed by Laws of 1922, chap. 642 (adding to Pers. Prop. Law, art. 4, known as the Uniform Conditional Sales Act). See Pers. Prop. Law § 76 *et seq.,* as added by Laws of 1922, chap. 642. See, also, Laws of 1922, chap. 642, §§ 3, 4.— [REP.

218 N. Y. 295; *Hurley* v. *Allman Gas Engine & Machine Co.,* 144 App. Div. 300.)   The defendant's own version of what occurred is as follows: " I told him [plaintiff] that I was informed by a city marshal that there was a judgment against Hillelson and that the truck had been levied upon, and I asked him what he was going to do about it to protect *our interests;* he said he did not know, that he had no money and could I help him out to the extent to get the truck back for him; I said that would involve expense to the extent that I would have to get an attorney and go through the legal process of getting that truck back for him."   The plaintiff denied any such conversation.   He showed that he satisfied the judgment against him under which the levy was made, by the payment of forty-five dollars, and testified that when he asked the defendant for the return of the truck, and offered to pay the expense of obtaining it from the marshal, the defendant refused to return the same unless the plaintiff paid the entire balance of the purchase price.

Accepting the defendant's version, apart from any evidence offered by the plaintiff, there is no evidence of any new contract founded upon a new consideration.   Any finding that there was such a new contract, by a jury, would have to be set aside on the ground that such finding was unsupported by the evidence. Furthermore, no such defense was pleaded in the answer, and as it was clearly a defense in confession and avoidance, it should have been so pleaded.   The learned trial court stated clearly that there was no evidence of a new contract, and that a mere waiver would not suffice, saying: " From your opening to the jury I saw no evidence of an actual contract.   *   *   *   The Court of Appeals has decided that you cannot waive until you do it by actual contract."

The defendant concedes that the truck was retaken by it from the marshal by virtue of its title reserved under the contract of conditional sale, saying in its reply brief: "Appellant admits having taken the truck from the marshal by virtue of its title reserved to it under the bill, but appellant claims that all this was done at the request of respondent and for his benefit."   At the time of such taking one of the notes given by the plaintiff on account of the purchase price was due and unpaid, and under the terms of the contract, this fact entitled the defendant to retake the truck.

Exhibit " B," by the defendant, is a notice of sale to the plaintiff and others that the truck purchased by plaintiff under the contract of conditional sale would be sold at auction for the amount due and unpaid under said contract of conditional sale.   This conclusively answers appellant's contention that the sale was under any other than the original agreement of conditional sale.

**330** MATTER OF VILLAGE OF MAMARONECK *v.* PUB. SERV. COMM.

Third Department, March, 1924.                    [Vol. 208

The facts in *Adler* v. *Weis & Fisher Co.* (*supra*) are quite similar to the case at bar. Although in that case the chattel was taken upon the request, instruction and consent of the vendee after default under the contract of conditional sale, nevertheless the court held that these facts constituted no defense.

It follows that the judgment and order should be affirmed, with costs.

CLARKE, P. J., and MARTIN, J., concur; DOWLING and McAVOY, JJ., dissent.

Judgment and order affirmed, with costs.