ISRAEL STASHIN, etc., Plaintiff, Appellant, *v.* MAX ROTHMAN, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, November 13, 1924.

Contracts — action for breach of contract for lessons in English — damages — contract price, less cost of performance, proper measure of damages — error to exclude evidence predicated on expenses involved — complaint improperly dismissed.

In an action for damages arising from defendant's refusal to take or pay for lessons in English for which he had contracted, it was error to exclude testimony offered by the plaintiff to show the number of instructors employed and the expenses incurred as a result of the contract, since the testimony was competent and material and essential to a determination of plaintiff's damage. Moreover, the dismissal of plaintiff's complaint was improper.

The contract price, less the reasonable cost of the performance of the contract, is the measure of damages in such actions.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, eighth district, dismissing the complaint at the close of plaintiff's case, after a trial by a judge and a jury.

*David K. Shappiro*, for the appellant.

*Julius Steinberg*, for the respondent.

*Per Curiam.* The plaintiff is one of the institutions which contract to give lessons in English until a certain standard has been attained. The defendant refused to take or pay for the lessons contracted for.

The measure of damage in actions of this character is not of the kind discussed in *Ware Bros. Co.* v. *Cortland Cart & Carriage Co.*, 210 N. Y. 122. In that case the contract price was held to be *prima facie* measure of the damage because the publishing of an advertisement involves no additional outlay of capital other than the inconsequential amount of paper and ink involved. In actions similar to the instant case a certain cost is necessarily involved, as for instance, the wages of instructors. See *Shulman* v. *Klein,*

203 N. Y. Supp. 410. The plaintiff attempted to prove by its superintendent the cost to it of the services rendered, and the preliminary questions were objected to and the objection sustained, whereupon the defendant moved for the dismissal of the complaint, which motion was granted. Plaintiff's exception was specifically upon the ground that the court's ruling excluded the " admission of evidence of the plaintiff's damage; *first,* as to the number of teachers employed by plaintiff; as to whether plaintiff paid them weekly or by the lesson; and of the expenses incurred by the plaintiff as result of this contract." The testimony offered by the plaintiff was clearly competent and material under the decision of *Shulman* v. *Klein, supra,* and the dismissal of the complaint was error.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and MULLAN, JJ.