Edward J. Greenfield, J.
The court finds that although defendant knowingly entered into a contract with plaintiff for a course of instruction, and defaulted before taking any lessons, plaintiff failed to prove what damages were sustained as a result. This was not individual private instruction, and plaintiff’s place in a 10 to 15-man class could have been taken by another. Instruction was not on a semester basis, and pupils could start or stop at any time. The charge for the year was computed upon the basis of a fixed price per lesson. The contract was divisible. There was no provision for liquidated damages. Hence plaintiff was not entitled, in the event of a breach of this executory contract to receive the full contract price, but only that sum less the cost of performance. (Spitz v. Lesser, 302 N. Y. 490; Shulman v. Klein, 203 N. Y. S. 410; Stashin v. Rothman, 123 Misc. 916.)
Unlike individual personal service contracts, plaintiff had to do more than merely render personal service. Plaintiff had definite expenses to pay — for rent, overhead, instructors, office advertising, et cetera, but no proof was offered as to what profit could be obtained from a student’s contract for a year. Plaintiff is not entitled to be in a better position because of the defendant’s complete nonperformance than it would have been had it been obliged to provide instruction for the defendant for a year.
The only measurable damage is that provided for in the contract in the event of a breach — 20% of the balance due for the costs and expenses of legal proceedings and counsel fees.
Plaintiff is accordingly entitled to judgment in the sum of $57.60, with interest from the 14th day of January, 1963.