■ GEORGE S. CLANTON, Appellant-Respondent, v SUZANNE M. CLANTON, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Corrado, J.), dated June 26, 1990, as required him to pay (1) child support of $125 per week pendente lite, and (2) the monthly rent for the marital apartment in which the wife resides, and the defendant wife cross-appeals, as limited by her brief, from so much of the same order as denied her counsel fees and failed to set a due date for the payment of arrears and retroactive child support.

Ordered that the order is modified, on the law, by deleting the provision thereof which directed the plaintiff pay the rent on the marital apartment; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We agree with the plaintiff husband that the parties' antenuptial agreement is applicable under the circumstances presented, and forecloses the defendant wife from seeking any award of maintenance from the husband, including maintenance pendente lite *(see, Panossian v Panossian,* 172 AD2d 811; *Cruey v Cruey,* 159 AD2d 241). The parties broadly and unequivocally renounced all claims against each other "under any circumstances" for support, maintenance, or alimony, in the event, *inter alia,* of the "breakup" of the marriage by "separation or otherwise". Since the foregoing provision is applicable, the provision of the order requiring the husband to pay the wife's monthly rental expenses must be vacated. Contrary to the wife's contentions, the record fails to support her assertion that she is "incapable of self-support and therefore is likely to become a public charge" in the event the agreement is enforced *(see,* General Obligations Law § 5-311; *cf., Panossian v Panossian,* 172 AD2d 811, *supra).*

We disagree with the husband, however, that the court erred when it modified a pre-existing Family Court order by increasing weekly child support to $125 per week, pendente lite. The record demonstrates the requisite substantial change in circumstances, which includes the sudden illness of the wife and loss of her job resulting in a temporary and substantial loss of income, and fails to support the husband's assertion that the award was excessive in light of his ability to pay *(see,* Domestic Relations Law § 236 [B] [9] [b]; *Clemente v Clemente,* 186 AD2d 620; *see also, Matter of Brescia v Fitts,* 56 NY2d 132, 141).

We have reviewed the parties' remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.