HBE LEASING CORPORATION, Signal Capital Corporation and John Hancock Leasing Corporation, Plaintiffs,

v.

Hiram J. FRANK, Susan Murphy Frank, Carl P. Goldstein, Richard A. Stoloff, Goldstein & Stoloff, a partnership, Wallace Berkowitz, as Trustee, and Clemence Frank, Defendants.

No. 93 Civ. 1597.

United States District Court, S.D. New York.

May 4, 1994.

S. Pitkin Marshall, New York City, for plaintiffs.

Goldstein & Stoloff, Monticello, NY, for Hiram Frank, Goldstein Stoloff and Goldstein & Stoloff.

Edward Rubin, New York City, for Susan Murphy Frank, Wallace Berkowitz and Clemence Frank.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

This action in which jurisdiction is based on diversity of citizenship grows out of a judgment dated November 10, 1992 in favor of plaintiffs against defendant Hiram J. Frank ("H.J. Frank") and others for a total of approximately $25 million dollars recovered in *HBE Leasing Corp. et al. v. Frank,* 837 F.Supp. 57 (S.D.N.Y.1993) (GLG) ("the Lawsuit") based upon fraud and RICO charges. Approximately $100,000 has been collected on the judgment.

The judgment was unanimously affirmed by the Court of Appeals of the Second Circuit under Dkt. No. 93–7085 decided April 13, 1994, 22 F.3d 41. Circuit Judge Walker, writing for the Court, described how the defendants arranged for various egg producing farm enterprises to lease machinery after which "the defendants had systematically divested the farms of cash and liquid assets, thus making repayment of the leases impossible as a practical matter." Opinion at 5. There was "no challenge as to the sufficiency of the evidence, nor could there be on this record ..." Id. The "defendants contended that equipment purportedly installed during the 1980's had actually been purchased in the 1960's and put in storage." Id. at 6. Familiarity of the reader with the opinion of the Court of Appeals is assumed.

On November 9, 1992, the Hon. Gerard L. Goettel of this Court signed an order that H.J. Frank and all other defendants in 88

Civ. 1724 be enjoined pending further order from transferring any property except as allowed therein, and setting forth as exceptions "reasonable living expenses and attorneys fees …".

Plaintiffs have moved for summary judgment holding certain transfers by H.J. Frank void as fraudulent conveyances. Plaintiffs' motion is granted to the extent that the following transfers are held void:

1. The following transfers to or for the benefit of Susan Murphy Frank, wife of H.J. Frank:

(a) Bonds valued at $750,000 transferred in October 1990 by H.J. Frank to Wallace Berkowitz in trust for Susan Murphy Frank;

(b) Gifts by H.J. Frank to Susan Murphy Frank in October 1990 of a $43,000 yacht and $11,000 engagement ring;

(c) Transfer by H.J. Frank to Susan Murphy Frank in October 1990 of a $383,000 residence;

2. The transfer by H.J. Frank:

(a) of bonds and interest "with net proceeds of $227,107.78 received on November 23, 1992," as described in the response filed December 22, 1993, Doc. No. 30 at page 3 of Goldstein & Stoloff and other defendants, in reply to plaintiffs' Civil Rule 3(g) statement, and

(b) of a promissory note valued at $201,000 to Kevin Gleason on November 13, 1992 as set forth in Kevin Gleason's affidavit filed December 23, 1993 (Doc. No. 35).

The property mentioned above or its equivalent held by the transferees may be recovered by plaintiffs to satisfy the unpaid portion of the judgment, subject to repayment to attorneys who received sums mentioned in paragraph 2 to the extent that such sums are deemed to have been expended for reasonable attorneys fees as discussed below.

### The Murphy Transfers

■ Long after the lawsuit was initiated against H.J. Frank and others in 1988, and on or about October, 1990 H.J. Frank conveyed to Wallace Berkowitz a bond valued at $750,000 to be held in trust for Susan Murphy, a $43,000 yacht, and an $11,000 engage-ment ring. Around that same time H.J. Frank conveyed his residence located at Liberty, New York and all its contents, valued at approximately $383,000, to Susan Murphy. On October 28, 1990 H.J. Frank and Susan Murphy entered into a prenuptial agreement, and thereafter were married. On October 22, 1990 H.J. Frank purchased residential property in Boca Raton, Florida for approximately $200,000. These conveyances were made shortly after Judge Goettel ordered discovery of H.J. Frank's assets in connection with the lawsuit.

New York Debtor & Creditor Law § 273–a provides:

Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.

New York Debtor & Creditor Law § 272 defines "fair consideration" for property as present:

a. When in exchange for such property, or obligation, as a fair equivalent therefore, and in good faith, property is conveyed or an antecedent debt is satisfied, or

b. When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained.

■ Prenuptial agreements and other intra-family arrangements, are usually effective as between the parties to them, see N.Y. Domestic Relations Law § 236; *Clanton v. Clanton*, 189 A.D.2d 849, 592 N.Y.S.2d 783 (2d Dept.1993). But such transfers do not in and of themselves meet the criteria of § 272 of the Debtor & Creditor Law so as to be non-fraudulent and binding on third party creditors. See McLaughlin, "Application of the Uniform Fraudulent Conveyance Act," 46 Harv.L.Rev. 404 (1933).

■ Their use to put third parties at a financial disadvantage is properly subjected to careful scrutiny. See *Orbach v. Pappa,* 482 F.Supp. 117, 119 (S.D.N.Y.1979). Without such scrutiny, it would be all too easy for one in debt or sued for racketeering, to transfer assets to an intended or newlywed spouse as a means of protecting such funds from claims of creditors or victims of unlawful conduct. See *United States v. Klayman,* 736 F.Supp. 647, 649 (E.D.Pa.1990); *United States v. Purcell,* 798 F.Supp. 1102 (E.D.Pa. 1991). Moreover, promises of future benefits cannot be a substitute for present "property" under § 272(a). See *Cole v. Loma Plastics,* 112 F.Supp. 138 (N.D.Tex.1953). Nor is there any prior obligation in this case to be secured under § 272(b).

The contemporary approach to intra-family and similar transfers contributing to insolvency is exemplified by 28 U.S.C. §§ 3301, 3304, contained in the Federal Debt Collection Procedures Act of 1990, which calls for closer scrutiny than otherwise of transfers to "insiders," which include relatives of a debtor. In sharp contrast, defendants rely on decisions such as *American Surety Co. v. Connor,* 251 N.Y. 1, 166 N.E. 783 (1929), issued during the period when breach of promise suits were permitted in the New York Courts.[1]

We do not understand that Mrs. Frank disclaims contemporary knowledge of the existence of the pending lawsuits, but were she to do so, this would be of no relevance.

### The Transfers to Attorneys

■ The transfers to Kevin Gleason and to Goldstein & Stoloff were made after Judge Goettel's order of November 9, 1992 and hence in violation of that order unless determined to be reasonable attorney's fees and authorized by the Court.

Defendants contend that the transfers were for fair consideration in the form of an agreement to render future legal services and hence not fraudulent as against creditors. This runs counter to the text of New York Debtor and Creditor Law § 272, quoted

above, which requires that property be exchanged for fair consideration which is present.

Conveyance of property for future legal fees carries the necessary characteristic of expectation of irrevocability. Irrevocable transfers of funds for future legal services are impermissible under Formal Opinion 1991–3, Association of the Bar of the City of New York Committee on Professional and Judicial Ethics, and are contrary to *In the Matter of Cooperman,* 187 A.D.2d 56, 591 N.Y.S.2d 855, (2d Dept.1993), affirmed by the New York State Court of Appeals, which has received an *amicus* brief from The Association of the Bar supporting the opinion below *In the Matter of Cooperman,* 83 N.Y.2d 465, 611 N.Y.S.2d 465, 633 N.E.2d 1069 (1994). *See also, Clarkson Co. v. Shaheen,* 525 F.Supp. 625 (S.D.N.Y.1981); *Hay v. Duskin,* 9 Ariz.App. 599, 455 P.2d 281 (1969).

Deposits to pay for future services are not entirely irrevocably parted with even where the future services are defined, because of the uncertainty of factors requiring the recipient of the funds to mitigate cost. See, e.g., *Judo, Inc. v. Delaney,* 42 Misc.2d 504, 248 N.Y.S.2d 386 (Civ.Ct.1964); N.Y. Personal Property Law § 412–a.

While ability to pay legal expenses is often essential to protection of a citizen's rights, a blanket authorization for transfers at the expense of creditors for unevaluated future legal services would put the Bar in a position of being subject to frequent suspicion of unjust involvement in schemes of the very kind shown at trial in the prior case. This would tend to undermine public confidence in the administration of justice. See Stone, *Public Influence of the Bar,* 48 Harv.L.Rev. 1 (1934).

### Transfers to Clemence Frank

Defendant Clemence Frank, the mother of H.J. Frank, has moved for summary judgment in her favor holding that the various assets transferred to her by H.J. Frank were not fraudulent and seeks modification of cur-

---

1. Because they were a commonplace source of fraud and extortion, such civil actions are now forbidden. See New York Civil Rights Law § 80–a, originally enacted by L.1935, ch. 263; *Sanders v. Rosen,* 159 Misc.2d 563, 605 N.Y.S.2d 805, 811 (Sup.Ct.N.Y.Co.1993).

rent restrictions on transfers. While plaintiffs filed no motions with respect to property received by Clemence Frank from H.J. Frank, her motion required plaintiffs to come forward with sufficient evidence to establish existence of a genuine issue of material fact with respect to their claims against her. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). They have not done so, and accordingly this action as against Clemence Frank is dismissed in its entirety and the restrictions against her are vacated.

### *Remaining Issues*

Applications have also been made for relief concerning discovery. Adequate discovery to bring out the essential facts has already occurred, and further delay would be contrary to Fed.R.Civ.P. 1. The parties have presented what amounts to plenary submissions with regard to their claims as now known. While further information may come to light for seeking to void transfers other than those ruled upon specifically in this decision, it is not necessary to prolong this satellite lawsuit in the anticipation of future applications with respect to other assets not known.

Accordingly all relief is denied except to the extent of the relief granted above. The dismissal is with prejudice as to Clemence Frank, but is without prejudice with respect to claims against other defendants that were not specifically ruled upon in this order.

Settle a judgment on notice.

SO ORDERED.