**SIGNAL CAPITAL CORPORATION,**
Plaintiff,

v.

**Hiram J. FRANK, Clemence D. Frank, and Susan J. Albert (nee Frank), Defendants.**

**No. 95 CV 5160.**

United States District Court, S.D. New York.

Aug. 11, 1995.

Haight Gardner Poor & Havens, New York City, for plaintiff.

Edward D. Rubin, New York City, for defendants.

## ORDER

PARKER, District Judge.

Plaintiff Signal Capital Corporation ("Signal") has moved in this action for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, restraining defendants Hiram J. Frank, Clemence Frank and Susan J. Albert from disposing of or transferring their tangible assets or property, and an order of attachment, pursuant to Article 62 of the New York Civil Practice Law and Rules.[1] Signal argues that such restraint is necessary to prevent defendants through the disposition of assets from frustrating a judgment to which it expects ultimately to be entitled.

Signal brings this action as a judgment creditor of H.H. Frank Enterprises, Inc. ("Enterprises") against the alleged Directors of Enterprises for waste of corporate assets, mismanagement and violation of their fiduciary duties. Defendant Clemence D. Frank is the mother of defendants Susan J. Albert and Hiram J. Frank. Signal alleges that all three defendants were directors of Enterprises. Signal alleges that, during a period when Enterprises was otherwise insolvent, the defendants permitted Enterprises to waste corporate assets and diverted properties to their own use and to the use of members of their family in violation of their fiduciary duties as Directors.

As a general matter, an applicant for a preliminary injunction may obtain such

1. Rule 64 of the Federal Rules of Civil Procedure provides that provisional remedies, including attachment, are available to a litigant in federal court in the manner provided by the law of the state.

relief if he shows irreparable harm, and either a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. See *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 478–479 (2d Cir.), quoting *Polymer Technology Corp. v. Mimran*, 975 F.2d 58, 61 (2d Cir.1992), *cert. denied*, —— U.S. ——, 115 S.Ct. 2277, 132 L.Ed.2d 281 (1995). A preliminary injunction may issue to preserve assets as security for a potential monetary judgment where the evidence shows that a party intends to frustrate any judgment on the merits by making it uncollectible. *Republic of the Philippines v. Marcos*, 806 F.2d 344, 356 (2d Cir.1986), *cert. dismissed*, 480 U.S. 942, 107 S.Ct. 1597, 94 L.Ed.2d 784 (1987). Such a demonstration of intent to frustrate a judgment will satisfy the requirement of a showing of irreparable harm. *Feit & Drexler, Inc. v. Drexler*, 760 F.2d 406, 416 (2d Cir.1985).

 An applicant must also demonstrate an intent to frustrate a judgment that might be rendered in its favor to satisfy the prerequisites for an order of attachment under CPLR § 6201(3).[2] In determining whether an attachment should issue, intent to defraud is required and may not be lightly inferred. See *Brastex Corp. v. Allen Int'l, Inc.*, 702 F.2d 326 (2d Cir.1983); *Societe Generale Alsacienne De Banque, Zurich v. Flemingdon Dev. Corp.*, 118 A.D.2d 769, 500 N.Y.S.2d 278 (2d Dep't 1986). Even if plaintiff satisfies the statutory criteria, the issuance of such relief is discretionary, and since attachment is a harsh remedy, the court must exercise care in its application. See *Sequa Corporation v. Gelmin*, 1995 WL 404726, *3–*4 (S.D.N.Y.1995) (internal quotations and citation omitted).

 Signal points to no actual or pending transfers or dispositions of assets that would frustrate a judgment in favor of Signal in this action by the defendants, but asks that the danger of this occurring be presumed from past fraudulent transfers that frustrated enforcement of Signal's judgment against Enterprises in a related action. See *HBE Leasing Corp. et al. v. Frank*, 837 F.Supp. 57, 59 (S.D.N.Y.1993), *aff'd*, 22 F.3d 41 (2d Cir. 1994), *modified*, 48 F.3d 623 (2d Cir.1995). Signal interprets the language of CPLR 6201(3), "a judgment that might be rendered in plaintiff's favor," to mean any judgment in plaintiff's favor, even one in a past, related action. Because I find that Signal has not demonstrated an intent on the part of Clemence D. Frank and Susan J. Albert to frustrate any judgment, I do not reach the question of whether CPLR 6201(3) requires an intent to frustrate a judgment in this action.

As evidence of Clemence D. Frank's intent to frustrate a judgment, Signal points to the Second Circuit's decision in *HBE Leasing et al. v. Frank*, 48 F.3d 623 (2d Cir.1995), a RICO action, in which Clemence D. Frank was found to be a transferee of fraudulent conveyances. The Court found that Clemence D. Frank loaned $350,000 to Enterprises, in exchange for two mortgages, valued at $250,000 and $100,000, on the estate occupied by her and her husband. The Court found that $250,000 of the loan was passed on to Enterprises' majority shareholder, Hiram J. Frank, as a preference to a corporate insider.

The Court found that the transfers to Clemence D. Frank were fraudulent under the New York Uniform Conveyance Act ("UFCA"), N.Y.Debt. & Cred.Law, § 273–a, relating to "constructive fraud." A transfer made without fair consideration may constitute "constructive fraud," regardless of the actual intent of the transferor. UFCA § 273–a. Although the Court found, with respect to both mortgages, that the undisputed facts were sufficient to charge Clemence D. Frank with constructive knowledge of schemes in which her cash advances were

---

2. CPLR 6201 provides, in pertinent part, "[a]n order of attachment may be granted in any action ... where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when: ... the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts...." CPLR 6201(3).

expended by Enterprises for improper purposes, see *HBE*, 48 F.3d at 637, it did not find "actual fraud," that is, a transfer made with actual intent to hinder, delay, or defraud creditors. Because the Court did not find that Clemence D. Frank had either actual knowledge or an intent to defraud, its decision does not establish that Clemence D. Frank had the intent necessary to satisfy the standards for a preliminary injunction restraining the disposition of assets or an order of attachment.

With regard to both Clemence D. Frank and Susan J. Albert, Signal relies upon *HBE Leasing Corporation v. Frank*, 851 F.Supp. 571 (S.D.N.Y.1994), in which the court found that, during the time Clemence D. Frank and Susan J. Albert were allegedly directors of Enterprises, Enterprises was used as a conduit for the disbursement of assets for family and noncorporate purposes, despite its facing judgment in the above-mentioned RICO action. The decision, however, does not provide evidence of intent to frustrate a judgment on the part of either Clemence D. Frank or Susan J. Albert. Susan J. Albert was not named as a defendant in the action and the court granted summary judgment in Clemence J. Frank's favor holding that the transfers of various assets to her by Hiram J. Frank were not fraudulent. Moreover, even if Clemence D. Frank and Susan J. Albert were directors of Enterprises while it was fraudulently conveying assets, that fact does not establish actual knowledge on the part of these two directors or an intent to frustrate a judgment.

Because the record is devoid of evidence that the Clemence D. Frank and Susan J. Albert have transferred, or are about to transfer or have threatened to transfer, any assets with the intention of frustrating a judgment that might be rendered in Signal's favor, the Court finds that Signal has failed to demonstrate irreparable harm, and failed to satisfy the statutory prerequisites for an order of attachment under CPLR 6201(3).

Signal has also moved for a preliminary injunction and order of attachment, pursuant to CPLR §§ 6201(1), 6201(3) and 6201(5), as against Hiram J. Frank. Hiram J. Frank was a defendant in the above-mentioned RICO action, in which Signal obtained a nearly $20 million judgment that was returned unsatisfied on August 24, 1994. It appears from the record that Signal could levy against Hiram J. Frank's assets. Signal did not indicate at the hearing on August 3, 1995, that additional relief is sought, nor did it address the factual basis for a preliminary injunction or order of attachment as against Hiram J. Frank.

In conclusion, Signal's motion for a preliminary injunction and an order of attachment as against Clemence D. Frank and Susan J. Albert is denied. Signal's motion for a preliminary injunction and an order of attachment as against Hiram J. Frank is denied without prejudice and with leave to renew upon the basis of a more complete factual presentation.

SO ORDERED.