SIGNAL CAPITAL CORPORATION,
Plaintiff,

v.

Hiram J. FRANK, Clemence D. Frank, and Susan J. Albert (nee Frank),
Defendants.

No. 95 CV 5160.

United States District Court,
S.D. New York.

Nov. 3, 1995.

Christopher Gerard Kelly, Haight, Gardner, Poor & Havens, New York City, for plaintiff.

Edward Rubin, New York City, for defendants.

## ORDER

PARKER, District Judge.

In a Report and Recommendation, dated September 19, 1995, (hereinafter the "Magistrate's Report"), Magistrate Judge Lisa Margaret Smith recommended that defendants Clemence D. Frank and Susan J. Albert's

(hereinafter "defendants") motion to quash be denied. Defendants filed timely objections to the Magistrate's Report on October 2, 1995.

Defendants object to the portion of the Magistrate's Report that allows plaintiff Signal Capital Corporation ("Signal") "to conduct discovery of financial information and other sensitive documents relating to the time period from 1986 to 1992" as contrary to law. The Magistrate Judge expressly recognized the large body of case law establishing that, under Rule 26 of the Federal Rules of Civil Procedure, facts concerning a defendant's financial status are ordinarily not discoverable. See, e.g., *Sequa Corporation v. Gelmin*, 1995 WL 404726 *2 (S.D.N.Y.1995). She specifically found, however, that "there is very little about this case which is ordinary."

She noted that Signal is a judgment creditor of H.H. Frank Enterprises, Inc. ("Enterprises"). Extensive litigation in the past resulted in a judgment of approximately 25 million dollars against Enterprises and other related defendants that, for the most part, Signal has been unable to collect. Signal has brought this action against the alleged Directors of Enterprises for waste of corporate assets, mismanagement and violation of their fiduciary duties as part of its continued effort to collect on the 25–million–dollar judgment obtained against Enterprises.

The Magistrate Judge explained, based on opinions issued over the course of the litigation preceding this action, that "the entire Frank family has been involved, at the very least as financial beneficiaries, in the business of H.H. Frank Enterprises, Inc., for a substantial period of time." She noted that the allegations of financial mismanagement were corollaries to the allegations of personal enrichment. And, she found that Signal's submissions established that these defendants previously admitted to being Directors of Enterprises until at least 1990.

In an order, dated August 11, 1995, this court denied Signal's application for a temporary restraining order, preliminary injunction and order of attachment because Signal lacked evidence of defendants' intent to frustrate a judgment, and thereby failed to demonstrate irreparable harm. In anticipation of that order, I ruled from the bench that the application was denied without prejudice and with leave to renew following discovery. Having read the complaint, the parties' submissions and the opinions issued during the history of the litigation proceeding this action, it appears there is ample reason to believe that the difficulties with Signal's application for a preliminary injunction and order of attachment might fade with the granting of the requested discovery.

Having also read the relevant case law, I conclude, due to the extraordinary circumstances of this case, that the Magistrate's Report is neither contrary to law nor clearly erroneous. See Fed.R.Civ.P. 72(a). Therefore, defendants' objections are rejected. I accept and adopt the Magistrate's Report and deny defendants' motion to quash.

SO ORDERED.

LISA MARGARET SMITH, United States Magistrate Judge.

Defendants Clemence D. Frank and Susan J. Albert have moved in this action for a protective order quashing notices of deposition and subpoenas served on Clemence D. Frank and Susan J. Albert, and quashing deposition notices and subpoenas served on certain third-party financial institutions, and barring the discovery sought by all of these subpoenas and deposition notices, and quashing discovery already produced pursuant to subpoena. Defendant Hiram J. Frank, although represented by the same counsel as the other defendants, has not made an appearance in connection with this motion.[1]

---

1. Although Edward Rubin now claims that he does not represent Hiram J. Frank, the court's docket sheet reflects Mr. Rubin as counsel for all three defendants. More importantly, a stipulation signed by Mr. Rubin and filed with this Court on or about July 19, 1995 (Docketed Item Number 7) identifies Mr. Rubin as counsel for all three defendants, specifically including Hiram J. Frank. Even if Mr. Rubin's signature on a stipulation in which he identifies himself as Mr. Frank's attorney was an oversight, the body of that stipulation includes a waiver by all three defendants, by name, of certain potential claims for damages. That waiver, signed by Mr. Rubin

Clemence D. Frank and Susan J. Albert argue that the proposed discovery constitutes pre-judgment asset discovery which is not relevant to the causes of action asserted in the complaint, and is an improper attempt to identify assets which may be available to satisfy any judgment resulting from this action.

For the reasons set forth herein, the motion to quash is denied, but the scope of the depositions and subpoenas are limited, as detailed below. This Order is stayed until Friday, September 22, 1995, at 1:00 pm, in order to allow counsel an opportunity to file an appeal to the Honorable Barrington D. Parker, Jr., and to seek a further stay from Judge Parker.

Plaintiff in this action is a judgment creditor of H.H. Frank Enterprises, Inc. ("Enterprises"), as a result of extensive litigation which resulted in a judgment of approximately 25 million dollars against Enterprises and other related defendants, including Hiram J. Frank. Only a fraction of the judgment has been collected. Plaintiff brings this action against the three defendants[2] named herein, who are alleged to have been Directors of Enterprises from 1979 until some time in 1992, for waste of corporate assets, mismanagement, and violation of their fiduciary duties. Plaintiff alleges that, during a period when Enterprises was otherwise insolvent, defendants permitted Enterprises to waste corporate assets and diverted properties to their own use and to the use of members of their family in violation of their fiduciary duties as Directors.

At the time of the filing of the complaint, plaintiff also filed an Order to Show Cause for a temporary restraining order, preliminary injunction, and order of attachment for the property and assets of each of the defendants, in an amount not to exceed $10 million. In an affidavit filed in support of the

application for such Order to Show Cause, counsel for plaintiffs candidly admitted that this action was a part of plaintiff's continued effort "to collect a substantial money judgment obtained in 1992 against, *inter alia*, Enterprises and its President and Director, Hiram J. Frank.... for a violation of the RICO statute and common law fraud." (Affirmation of John M. Toriello attached to Order to Show Cause for Temporary Restraining Order, filed July 12, 1995, at p. 2, ¶ 2.) Plaintiff further asserted that "[s]ince 1987, [plaintiff] has been engaged in a struggle against the individual and corporate architects of a multi-million dollar fraud.... The principle corporate vehicle of this fraud, Enterprises, was at all times governed by a Board of Directors who are related by blood to one another and who have all benefitted by intra-family transfers of one kind or another. The members of the Board at the times relevant to the fraudulent activities of Enterprises are the defendants in this action." (*Id.* at p. 3, ¶¶ 5–6.)

Defendants Clemence D. Frank and Susan J. Albert opposed the motion for temporary restraining order, preliminary injunction, and order of attachment. Hiram J. Frank did not file any opposition. Following submissions by the parties and extensive argument, Judge Parker ruled, in part, as follows:

> Because the record is devoid of evidence that Clemence D. Frank and Susan J. Albert have transferred, or are about to transfer or have threatened to transfer, any assets with the intention of frustrating a judgment that might be rendered in Signal's favor, the Court finds that Signal has failed to demonstrate irreparable harm, and failed to satisfy the statutory prerequisites for an order of attachment.... Signal's motion for a preliminary injunction and an order of attachment

---

on Mr. Frank's behalf, is sufficient to constitute an appearance as attorney of record for Mr. Frank, because it is assumed that counsel reads what he signs; he is therefore bound by such signature. No answer or other submissions have been filed on Mr. Frank's behalf. The current motion, submitted by Mr. Rubin, is made only on behalf of Clemence D. Frank and Susan J. Albert.

2. Clemence D. Frank is the mother of defendants Hiram J. Frank and Susan J. Albert. Another of the original defendants in the predecessor case was Hiram H. Frank, husband of defendant Clemence D. Frank and father of defendants Hiram J. Frank and Susan J. Albert. Neither Clemence D. Frank nor Susan J. Albert were defendants in the original action which resulted in the 25 million dollar judgment.

as against Clemence D. Frank and Susan J. Albert is denied.

(Order dated August 11, 1995, at p. 6.)

Plaintiff opposes the instant motion to quash in large part based on statements made by Judge Parker at the conclusion of the hearing on August 2, 1995, during which the prior Order to Show Cause was argued. In anticipation of his written Order, Judge Parker ruled from the bench that the application was denied without prejudice. He went on to say, "If you learn anything during the course of discovery, you can renew your motion." (Transcript of August 2, 1995, attached as Exhibit 4 to plaintiff's Affidavit in Opposition to Motion for a Protective Order, at p. 39.) During a brief discussion regarding the scheduling of discovery, plaintiff's counsel requested the opportunity to "make some inquiry regarding dissipation of assets...."[3] (*Id.*) Judge Parker directed that an answer should be filed on behalf of the defendants, and that depositions should then proceed "on that issue...." (*Id.* at p. 40.) Judge Parker concluded with the instruction that if plaintiff learned "anything new that creates an emergency ... [plaintiff] can renew whatever application [plaintiff had]." (*Id.*)

I conclude, based on all the submissions, the history of this and the related cases, and the arguments of counsel before me, that insofar as Judge Parker's rulings and directions may have anticipated some discovery on the issue of current or recent dissipation of assets, it did not anticipate discovery to the degree or extent that plaintiff has now made demand in the deposition notices and subpoenas. However, Judge Parker clearly directed the parties to proceed promptly with whatever discovery was appropriate and necessary to this case. My responsibility is therefore to make an appropriate determination of how to limit the necessary and appropriate discovery, and how to expedite its provision and completion.

In making this determination, this Court has balanced the Court's responsibility to protect the legitimate privacy rights of defendants against the Court's responsibility to insure that defendants are not permitted to purposely dispose of assets in order to frustrate any ultimate judgment. Notwithstanding Judge Parker's denial of the previous motion, under all of the circumstances of this case it is appropriate to allow limited discovery to take place of defendants' current financial condition, so that plaintiff will be in a position to resubmit its prior application in the event that such discovery reveals gross changes in the defendants' financial condition.

 Defendant asserts, and this Court agrees, that discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense. *See Sequa Corporation v. Gelmin,* 1995 WL 404726 at *2 (S.D.N.Y.1995). However, there is very little about this case which is ordinary. As set forth at length in the opinions issued during the history of the litigation preceding this action, the entire Frank family has been involved, at the very least as financial beneficiaries, in the business of H.H. Frank Enterprises, Inc., for a substantial period of time. *See HBE Leasing Corporation v. Frank,* 22 F.3d 41 (2d Cir.1994); *see also HBE Leasing Corporation v. Frank,* 882 F.Supp. 60 (S.D.N.Y.1995) (ancillary proceeding in same case, decided subsequent to 22 F.3d 41); *HBE Leasing Corporation v. Frank,* 851 F.Supp. 571 (S.D.N.Y.1994) (separate action, related to first case with some overlapping defendants), *aff'd in part and rev'd in part,* 61 F.3d 1054 (2d Cir.1995); *HBE Leasing Corporation v. Frank,* 837 F.Supp. 57 (S.D.N.Y.1993) (ancillary proceeding in same case as 22 F.3d 41; decision issued after jury verdict but before appeal), *aff'd in part and rev'd in part,* 48 F.2d 623 (2d Cir.1995). Plaintiff's submissions have established that these defendants

---

**3.** None of the participants sought clarification of what "dissipation of assets" meant in the context of the anticipated discovery. During oral argument before me, plaintiff's counsel alleged that the discovery in question was intended to include any current efforts to dissipate assets. Defendants' counsel alleged that he understood the discovery to have referred to the dissipation of assets that is the subject matter of the complaint. My decision is not dependent on which of those two understandings was correct.

previously admitted to being Directors of Enterprises until at least 1990, although defendants now claim that such admissions were mistakes. In any event, the complaint and subsequent submissions have established a sufficient basis to allow substantial discovery regarding these defendants, including details of their personal finances, for the period January 1, 1979, to December 31, 1992. The allegations of personal enrichment go hand in hand with the allegations of financial mismanagement, and plaintiff is entitled to obtain reasonable discovery relevant to such claims as to defendants Clemence D. Frank and Susan J. Albert.[4]

Therefore, with regard to the pending notices of deposition and demands for production of documents from Clemence D. Frank and Susan J. Albert, the following documents are to be produced on or before the date of the depositions, which depositions are to be scheduled on a date agreed upon by counsel no earlier than October 23, 1995, and no later than November 15, 1995:

I. For the period from January 1, 1986, up to and including December 31, 1992, all records related to real or personal property or assets held by, in the name of, or for the benefit of Clemence Frank, Susan J. Albert, Hiram J. Frank, or Hiram H. Frank, to include

 a. Balance sheets

 b. Cash flow statements

 c. Statements of account for bank accounts, brokerage accounts, money market accounts, commodities held, acquired or transferred, stocks held, acquired or transferred, bonds held, acquired or transferred, and futures held, acquired or transferred, including State of Israel bonds

 d. Partnership agreements, and financial statements of partnerships, limited partnerships, or corporations

 e. Account statements for loans, IRA accounts, 401K accounts, retirement funds, and pension funds

 f. Records of debt, debt instruments, and mortgages, including documents relating to Metropolitan Mortgage Company

 g. Deeds and evidence of any ownership of property held, acquired or transferred

 h. Trust account statements

 i. Accountant's statements for services rendered

II. For the period from January 1, 1979, up to and including December 31, 1992, any and all documents falling in the following categories and in the possession of or pertaining in any way to Clemence Frank, Susan J. Albert, Hiram J. Frank, or Hiram H. Frank:

 a. Records of transfers to or from the judgment debtors in *HBE Leasing v. Frank*, 88 Civ. 1724 (GLG)

 b. Correspondence to and from H.H. Frank Enterprises, Inc.

 c. Reports, records, minutes, financial statements, business plans for H.H. Frank Enterprises, Inc.

 d. Records of services performed for H.H. Frank Enterprises, Inc.

 e. Records of services performed for the Poultry Council

 f. Records of services performed by, and salaries paid to the following: Mae Roth, Kelby Kuney, Lynn Kuney, Henry J. Sandlas III, Marian Sandlas, Dot Erlwein, and any other relative of Clemence Frank, Susan J. Albert, Hiram J. Frank, or Hiram H. Frank.

 g. Records of services performed by, and payments made to any physicians by H.H. Frank Enterprises, Inc.

 h. Records regarding the use of residential properties owned by H.H. Frank Enterprises, Inc.

 i. Records regarding properties owned by H.H. Frank Enterprises, Inc., used for or designated for use as a cemetery

 j. Records of services performed by and payments made to or on behalf of Clemence D. Frank, Hiram J. Frank,

---

4. Hiram J. Frank has chosen not to contest the deposition notices and subpoenas, and therefore no part of this decision applies to discovery related to his personal finances.

and Susan J. Albert, by H.H. Frank Enterprises, Inc.

At these depositions, plaintiffs will be allowed to inquire into the subject matters associated with such documents, for the time periods specified. In addition, counsel will be permitted to inquire into assets owned, acquired, or transferred by the defendants, from the period of the filing of the complaint in this action, July 11, 1995, up to and including the date of the deposition, for purposes of inquiring into possible dissipation of assets with the intention of avoiding judgment in connection with this case. Clemence D. Frank and Susan J. Albert are also directed to produce the following documents on or before the date of the depositions:

III. For the period July 11, 1995, up to and including a reasonable period before the date of the deposition, but in no event greater than 30 days before the date of the deposition

 a. Balance sheets

 b. Cash flow statements

 c. Statements of account for bank accounts, brokerage accounts, money market accounts, commodities held, acquired or transferred, stocks held, acquired or transferred, bonds held, acquired or transferred, and futures held, acquired or transferred, including State of Israel bonds

 d. Deeds and evidence of any ownership of property held, acquired or transferred

The subpoenas and deposition notices issued to third-party financial institutions are to be modified in a way parallel to the listings above, and particularly with regard to the time limitations set forth above. This Court declines to require plaintiff to return any documents or information received thus far from third-party financial institutions pursuant to subpoena, as such information is clearly limited, and the return of such limited information will have no impact on the overall discovery or pursuit of this case. Plaintiff will be permitted a reasonable opportunity following the provision of these documents and the taking of testimony to request further latitude in discovery, if plaintiff can establish a need to do so. Plaintiff will also

be permitted to request continuation of depositions if absolutely necessary in order to fully utilize the documents provided, but the Court directs all parties to proceed with all possible speed in order to complete discovery in a timely fashion. To that end, defendants' counsel is directed to produce documents in advance of the depositions if possible, even if production is only partial.

In conclusion, defendants Clemence D. Frank and Susan J. Albert's motion to quash is denied. The notices of deposition and subpoenas are modified in accordance with this Order. This Order is stayed until 1:00 pm on Friday, September 22, 1995, to allow the parties an opportunity to appeal to Judge Parker.

SO ORDERED.

Dated: September 19, 1995

 White Plains, New York