ALL OF THE ABOVE IS SO OR-
DERED.

ELSEVIER, INC., Plaintiff,

v.

Pierre GROSSMAN, IBIS Corp., Pub-
licoes Tecnicas Internacionais, and
John Does Nos. 1–50, Defendants.

No. 12 Civ. 5121 (VM).

United States District Court,
S.D. New York.

July 6, 2012.

Jason Lee Jurkevich, Sills Cummis &
Gross, New York, NY, for Plaintiff.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Before the Court is plaintiff Elsevier,
Inc.'s ("Elsevier") proposed Order to Show

Cause to attach and restrain, during the pendency of this litigation, defendant Pierre Grossman's ("Grossman") real property located at 100 Hilton Avenue, Unit M23, Garden City, New York (the "Garden City Apartment"), as well as the funds of defendant IBIS Corporation ("IBIS") held in an account at JP Morgan Chase Bank ("Chase Bank"). For the reasons that follow, this request is DENIED.

Elsevier is a publisher of peer-reviewed, scholarly journals. It sells subscriptions to these journals in two tiers of pricing, with institutional subscribers paying a higher rate than individual subscribers. The complaint alleges that defendants Grossman, IBIS and Publicacoes Tecnicas Internacionais ("PTI," and collectively with Grossman and IBIS, the "Defendants") have engaged in a pattern, over the course of ten years, of fraudulently buying individual subscriptions and reselling them to institutions at a higher rate. Grossman is a citizen and resident of Brazil and a principal of IBIS and PTI, which are Brazilian corporations with their principle places of business in Sao Paulo, Brazil. However, Grossman owns the Garden City Apartment, which serves as an office for both IBIS and PTI.

Under Rule 64 of the Federal Rules of Civil Procedure, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed.R.Civ.P. 64(a). Under New York law, "[a]n order of attachment may be granted in any action ... where the plaintiff has demanded and would be entitled ... to a money judgment against one or more defendants, when ... the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state." N.Y. C.P.L.R. § 6201. To prevail on a motion for attachment, the plaintiff must also "show by affidavit and such other written evidence as may be submitted, that there is a cause of action, that it is probable that the plaintiff will succeed on the merits ... and that the amount demanded from the defendants exceeds all counter-claims known to the plaintiff." *Id.* § 6212.

If the plaintiff can meet the requirements under New York law, a court is permitted, but not required, to issue an order of attachment. A court may exercise its discretion not to issue an attachment if it concludes that an attachment is not necessary "to obtain *quasi in rem* jurisdiction of the property on non-resident defendants [or] provide security for potential judgments." *Capital Ventures Int'l v. Republic of Argentina,* 443 F.3d 214, 221 (2d Cir.2006). Moreover, *ex parte* orders of attachment, where the defendant is neither given notice of the pending litigation nor an opportunity to be heard, have consistently been recognized by state and federal courts as a "harsh remedy," *Musket Corp. v. PDVSA Petroleo S.A.,* 512 F.Supp.2d 155, 160 (S.D.N.Y.2007) (quoting *Signal Capital Corp. v. Frank,* 895 F.Supp. 62, 64 (S.D.N.Y.1995)). And motions for such a remedy should be "construed strictly against the moving party," *Sidwell & Co. v. Kamchatimpex,* 166 Misc.2d 639, 632 N.Y.S.2d 455, 459 (N.Y.Sup.Ct.1995).

The Court assumes that Elsevier has met all the statutory requirements: that there is a cause of action, that Elsevier is likely to succeed on the merits, that Elsevier is entitled to a money judgment in excess of Defendants' known counter-claims, and that all Defendants are nondomiciliaries residing outside New York or foreign corporations not qualified to do business in New York. The Court, however, is not persuaded that an *ex parte* order of attachment is necessary to establish ju-

risdiction or to provide security for a potential judgment.

Elsevier argues that an order of attachment may be necessary to obtain *quasi in rem* jurisdiction over Defendants if the court does not have personal jurisdiction. Elsevier, however, does not explain why this Court might lack personal jurisdiction; in fact, the Complaint states, "This Court has personal jurisdiction over the defendants." (Compl. ¶ 4.) Moreover, the fact that Grossman owns a condominium in New York, which the corporate defendants use as an office in furtherance of the alleged subscription fraud, strongly suggests that the Court would have personal jurisdiction over the Defendants.

Elsevier also argues that an *ex parte* order of attachment is necessary to ensure satisfaction of any judgment it may obtain in this action. Elsevier points to the fact that Grossman is a citizen and resident of Brazil and IBIS is a Brazilian Corporation with little need to maintain assets in the United States. Thus, Elsevier contends that, when informed of the pending litigation, the Defendants are likely to transfer their assets outside of this Court's jurisdiction.

The Court, however, is not persuaded that an *ex parte* order is necessary in this case. Real property, such as the Garden City Apartment, cannot ordinarily be disposed of as quickly as Elsevier seems to suggest. And Elsevier's counsel has represented to the Court that the fair market value of the property is estimated to be between $400,000 and $500,000, which should be enough to satisfy any judgment obtained in Elsevier's favor even if the money in the Chase Bank account is fraudulently transferred outside of this jurisdiction.

Rather than issue an *ex parte* order, the Court directs Elsevier to give notice to the Defendants of the pending litigation and to propose, jointly with the Defendants, an expedited briefing schedule regarding the proposed order of attachment. The Court will review whether pre-judgment attachment is necessary after Defendants have been given an opportunity to be heard. Defendants are advised that upon their having received notice of this proceeding, any attempt to transfer assets in order to shield them from judgment will likely result in an order of attachment and potentially other negative inferences against them.

Accordingly, it is hereby

**ORDERED** that the request of plaintiff Elsevier, Inc. ("Elsevier") for an Order of Attachment and a Temporary Restraining Order is DENIED without prejudice for renewal; and it is further,

**ORDERED** that Elsevier is directed to submit an expedited briefing schedule, jointly with defendants Pierre Grossman, IBIS Corp., Publicacoes Tecnicas Internacionais and John Does 1–50 ("Defendants"), should Elsevier continue to seek pre-judgment attachment of Defendants' United States assets.

**SO ORDERED.**