*Wilson v. Pecor*, No. 9-1-13 Cncv (Toor, J., Dec. 31, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

THOMAS WILSON and
STEPHANIE WILSON
  Plaintiffs

v.

Docket No. 9-1-13 Cncv

VIVIAN PECOR
  Defendant

RULING ON MOTION FOR COLLATERAL ORDER APPEAL

Vivian Pecor requests leave under Vermont Rule of Appellate Procedure 5.1 to appeal the superior court's August 14, 2014 ruling denying Pecor's motion for a protective order to block pretrial discovery of her personal finances. Under V.R.A.P. 5.1(a), the superior court may allow a collateral order appeal if the order in issue "(A) conclusively determines a disputed question; (B) resolves an important issue completely separate from the merits of the action; and (C) will be effectively unreviewable on appeal from a final judgment." Pecor argues that the court's August 14 order meets all three criteria.

Background

This is a personal injury suit arising out of a motor vehicle accident in 2010. Thomas and Stephanie Wilson claim that Vivian Pecor operated her car negligently and caused the accident that allegedly injured them. In response to discovery requests, Pecor sought a protective order under V.R.C.P. 26(c) to block the disclosure of her personal finances. Plaintiffs opposed, arguing that their damages would likely exceed the $100,000 limit of Pecor's automobile liability policy and that her personal finances were relevant for settlement purposes. The court (Pearson, J.) denied Pecor's motion, explaining that:

> Where good faith assertion is made that arguably recoverable damages will exceed policy limits, [and] potential enforcement of possible judgment against Defendant personally may become necessary, some disclosure of limited financial information will assist the mandatory mediation [and] settlement opportunity requirements imposed by [Vermont] law.

> Absent [Vermont] law to the contrary, the court is not persuaded that narrow view of whether financial information is "relevant" at pretrial stage of case, apparently espoused by many federal courts, is either logical or good policy.

Entry Regarding Motion (Aug. 14, 2014).

Discussion

"The collateral order doctrine creates a limited, discretionary exception to the normal final judgment rule." In re F.E.F., 156 Vt. 503, 507 (1991). "It 'offers appellate redress in the small number of extraordinary cases where the normal appellate route will almost surely work injustice, irrespective of [the court's] final decision.'" Id. (citing In re Maple Tree Place Assocs., 151 Vt. 331, 333 (1989) (per curiam)). V.R.A.P. 5.1(a) states that the superior court may allow a collateral final order appeal only if its ruling "(A) conclusively determines a disputed question; (B) resolves an important issue completely separate from the merits of the action; and (C) will be effectively unreviewable on appeal from a final judgment."

Pecor argues that the August 14 order meets the first criterion of V.R.A.P. 5.1(a) because it conclusively determines that Pecor's financial information is relevant at the pretrial stage and that she is not entitled to an order blocking its disclosure. "The requirement that the [trial] court's order 'conclusively determine' the disputed question means that the order must be final as to only the one inquiry that the order determines." NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C., 745 F.3d 742, 748 (5th Cir. 2014). "To be considered 'conclusive,' it should be 'unlikely that the [trial] court will revisit the order.'" Id. (internal citation omitted). *See also* In re Diet Drugs (Phentermine/Fenfluramine/Dexfenflurammine) Prods. Liab. Litig., 401 F.3d 143, 159 (3d Cir. 2005) ("An order is conclusive when no further consideration is contemplated by the [trial]

2

court, which excludes from review any decision which is tentative, informal or incomplete."); Rosenstein v. Merrell Dow Pharms., Inc., 769 F.2d 352, 354 (6th Cir. 1985) ("A disputed question is 'conclusively determined', . . . if 'the [trial] court has clearly said its last word on the subject.'"). Once Pecor's finances are disclosed, there is nothing more for the court to consider. The August 14 order is thus conclusive on the issue of whether Pecor's finances are discoverable before trial. As such, the order meets the first criterion under V.R.A.P. 5.1(a).

Pecor next argues, and the Wilsons do not appear to dispute, that the August 14 order meets the second criterion under V.R.A.P. 5.1(a) because it resolves an important issue separate from the merits. "One of the purposes of [the second] criterion is to 'minimize the intrusion on continuing trial court proceedings.'" In re C.K., 156 Vt. 194, 197 (1991) (citation omitted). The U.S. Supreme Court has stated that this criterion will be satisfied where the challenged order is "too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). "The appropriate comparison, then, is between the decision sought to be reviewed and the claim underlying the action itself . . . ." Behrens v. Pelletier, 516 U.S. 299, 309 n.3 (1996). The court agrees that the issue of whether Pecor's finances are discoverable is separate from the merits, i.e. any factual or legal issues relating to whether Pecor negligently caused the car accident that allegedly injured Thomas and Stephanie Wilson.

As to whether the issue is "important," most federal district and state courts that have considered the discoverability of a party's financial status before trial in a tort action have held that it is not discoverable except on the issue of punitive damages. *See, e.g.*, Christy v. Ashkin, 972 F. Supp. 253, 253–54 (D. Vt. 1997) (allowing discovery of defendant's finances in a personal injury action where plaintiff alleged punitive damages under Vermont law); Vollert v. Summa Corp., 389 F. Supp. 1348, 1351–52 (D. Haw. 1975) (allowing discovery of defendant's

finances in a personal injury action because such information was relevant to plaintiff's punitive damages claim); Miller v. Crumbley, 548 S.E.2d 657, 659 (Ga. Ct. App. 2001) (denying financial discovery in a personal injury action because plaintiff could not recover punitive damages under Georgia law where the car accident resulted from a violation of a rule of the road instead of a pattern of dangerous driving); Manns v. Briell, 811 N.E.2d 349, 355 (Ill. App. Ct. 2004) (denying financial discovery in a personal injury suit seeking only compensatory damages on the ground that a plaintiff only has a right to a defendant's personal financial information after a judgment is entered); Sawyer v. Boufford, 312 A.2d 693, 695 (N.H. 1973) (denying financial discovery in a personal injury and wrongful death action because the "benefit which would result to the plaintiff from a disclosure by facilitating the decision to settle or go to trial is considerably outweighed by the unwarranted invasion of the defendant's right of privacy in this area"); Travelers Ins. Co. v. Hindle, 748 A.2d 256, 260 (R.I. 2000) (denying financial discovery in a personal injury action seeking only compensatory damages on the ground that "the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence and . . . such requested information is not a subject of the pending litigation").

In this case, plaintiffs are not seeking punitive damages. The only purpose for which they apparently sought Pecor's finances was to evaluate the likelihood of settlement. However, absent a claim for punitive damages, at least one court has expressed doubt about allowing pretrial discovery of a defendant's finances even for settlement purposes, noting that:

> To require the pretrial disclosure of a defendant's assets to the plaintiff, even as an aid to settlement and subject to a protective order against disclosure to others, would be a serious invasion of privacy. The threat of having to place a dollar value on one's assets and to disclose that valuation to strangers, may well serve as a powerful weapon to coerce a settlement which is not warranted by the facts of the case. In our opinion, the pretrial disclosure of such information would be contrary to the public interest and would not be consistent with the policy of the law.

4

<u>Doak v. Superior Court of Los Angeles Cnty.</u>, 65 Cal. Rptr. 193, 198 (Cal. Ct. App. 1968).

The court concludes that the question of whether Pecor's finances are discoverable is "important" because the trial court's ruling on this issue contradicts the generally accepted rule that a party's financial status is not discoverable before trial unless it is "relevant to the merits of a claim, or in response to a defense." <u>Signal Capital Corp. v. Frank</u>, 164 F.R.D. 7, 10–11 (S.D.N.Y. 1995). Thus, the August 14 order meets the second criterion under V.R.A.P. 5.1(a).

Finally, Pecor argues that the August 14 order meets the third criterion under V.R.A.P. 5.1(a) because it will be effectively unreviewable on appeal from a final judgment. The Vermont Supreme Court has explained that with respect to this requirement, "the question is not whether the order is appealable after final judgment, but whether 'the rights asserted would be lost, probably irreparably, if review were delayed until the conclusion of proceedings in the [trial] court.'" <u>State v. Lafayette</u>, 148 Vt. 288, 291 (1987) (alteration in original) (citation omitted), *overruled on other grounds*, <u>In re. J.G.</u>, 160 Vt. 250, 252 (1993).[1]

Pecor asserts that her privacy interest in her personal finances would be irreparably destroyed if this court does not allow her to file a collateral order appeal. There is no Vermont Supreme Court case addressing whether the disclosure of personal finances implicates privacy interests. However, the U.S. Supreme Court has held that the constitutional right to privacy embraces "the individual interest in avoiding disclosure of personal matters." <u>Whalen v. Roe</u>, 429 U.S. 589, 599 (1977). Following <u>Whalen</u>, the Second Circuit has recognized a constitutional right to privacy in one's personal financial information in the context of financial disclosure laws, <u>Statharos v. New York City Taxi & Limousine Comm'n</u>, 198 F.3d 317, 322–23 (2d Cir. 1999); <u>Barry v. City of New York</u>, 712 F.2d 1554, 1558–59, 1564 (2d Cir. 1983), and in the

---

[1] <u>State v. Lafayette</u> was decided not under V.R.A.P. 5.1, but under federal case law setting forth the same criteria listed in that rule. Rule 5.1 was apparently drafted to adopt the analysis in <u>Lafayette</u>. *See* Reporter's Notes—1990 Amendment, V.R.A.P. 5.1.

context of a challenge to a subpoena duces tecum, <u>In re McVane</u>, 44 F.3d 1127, 1137–38 (2d Cir. 1995) The disclosure of Pecor's personal finances before final judgment on the merits would irreparably harm any such privacy rights.[2] The court concludes that the August 14 order thus meets the third criterion under V.R.A.P. 5.1(a).

Although the August 14 order meets all three criteria under V.R.A.P. 5.1(a), the Vermont Supreme Court has stated that pretrial discovery orders are generally not appealable because they "usually lead to piecemeal review and its attendant delays". <u>Castle v. Sherburne Corp.</u>, 141 Vt. 157, 163 (1982). <u>Castle</u>, however, addressed V.R.A.P. 5, not the rule at issue here: 5.1. Rule 5 requires a finding that an immediate appeal of the interlocutory order, inter alia, "may materially advance the termination of the litigation." V.R.A.P. 5(b)(1). The fact that appeals from discovery orders generally will not meet that test is one of the primary reasons that <u>Castle</u> denied such an appeal. <u>Castle</u>, 141 Vt. at 162–64. Rule 5.1, however, has no such requirement. Thus, the fact that the appeal may delay, rather than expedite, the case is not determinative. Instead, Rule 5.1 requires the court to "balance the possible loss of important rights 'against [the Vermont Supreme Court's] policy of avoiding piecemeal review.'" <u>In re Maple Tree Place Assocs.</u>, 151 Vt. 331, 332 (1989) (per curiam) (citation omitted). In this case, the loss of Pecor's asserted privacy rights is sufficiently weighty to justify an immediate appeal. An appeal after final judgment alone is not an adequate remedy.

---

[2] The Vermont Supreme Court's rules also recognize the privacy of personal financial information. The Vermont Rules of Public Access to Court Records 6(b)(10), (11), (13), and (33), respectively, restrict public access to records containing financial information filed with applications for an attorney at public expense or to proceed in forma pauperis; records containing "[a]ny federal, state, or local income tax return, unless admitted into evidence;" and records containing "[a]ffidavits of income and assets as provided in 15 V.S.A. § 662 and Rule 4 of the Vermont Rules for Family Proceedings."

<u>Order</u>

1. Vivian Pecor's motion for leave to file a collateral order appeal is granted.

2. As V.R.A.P. 5.1(c)(3) states that a decision to allow a collateral order appeal "does not divest the superior court of jurisdiction over the remainder of the action," a status conference will be scheduled.

Dated at Burlington, Vermont, this  31st day of December, 2014.

_____
Helen M. Toor
Superior Court Judge