# Gay Brothers Fuel Service
## v.
# The Travelers Indemnity Company
## v.
# Fitts and Olson

[332 A.2d 806]

No. 153-74

Present: Barney, C.J., Smith, Keyser and Daley, JJ., and Shangraw, C.J. (Ret.)

Opinion Filed February 4, 1975

*George W. Nostrand, Esq.,* Bellows Falls, for Gay Brothers Fuel Service.

*Miller & Hill,* Rutland, for The Travelers Indemnity Company.

*Robinson E. Keyes, Esq.,* of *Ryan, Smith & Carbine,* Rutland, for Fitts and Olson.

**Keyser, J.** Leonard F. Bingham brought suit against Gay Brothers Fuel Service for injuries sustained in an automobile accident involving a Gay Brothers' employee acting within the scope of his employment. Gay Brothers was provided with defense counsel by its insurer, the Travelers Indemnity Company, and the case proceeded to trial. Judgment was subsequently entered for Bingham for $82,016.00, an amount which exceeds Gay Brothers' insurance coverage by $32,016.00. A motion for judgment notwithstanding the verdict or, in the alternative, for a new trial having been denied, a notice of ap-

peal was filed. A docket number was assigned and the record on appeal was completed, but the appeal was later withdrawn.

Gay Brothers then brought a petition for declaratory judgment against Travelers. Count I of the petition charged that Travelers had continued the litigation after judgment without Gay Brothers' consent, that the liability limitation in the insurance policy was thereby invalidated under the provisions of 8 V.S.A. § 4203, and that Travelers was therefore bound to pay the entire amount of the judgment to Bingham. Count II of the petition prayed for the same relief on the basis of allegations that Travelers had not exercised good faith in settlement negotiations concerning the Bingham claim. Travelers answered by denial and filed a third party complaint against its counsel, Fitts and Olson. The complaint alleged that Fitts and Olson, as counsel in charge of the Bingham litigation, should be held liable to Travelers should Gay Brothers succeed in its action against them.

Gay Brothers moved for a summary judgment on the whole of Count I or, in the alternative, for an order specifying which facts were uncontroverted and therefore deemed established. The motion for summary judgment was denied on grounds that a genuine issue of fact existed as to whether Gay Brothers had, by stipulation or tacit consent, approved the taking of the appeal from Bingham's judgment and the subsequent withdrawal of that appeal. The court did conclude, however, that all other facts alleged in Count I of the petition were uncontroverted and would be deemed established at the hearing on the petition.

Travelers moved for permission to bring an interlocutory appeal. It argued that certain of Gay Brothers' factual allegations had been denied and that the lower court had erred in holding that they were uncontroverted. Leave to appeal was granted. The court's order stated that the issue of whether or not these alleged facts were uncontroverted was a controlling question of law as to which there was substantial ground for difference of opinion. It further stated that appellate resolution of the question "may materially advance the termination of this litigation."

It is a well settled rule of this Court that we will not review a case piecemeal. *Isabelle* v. *Proctor Hospital,* 129 Vt. 500, 282 A.2d 837 (1971); *Beam* v. *Fish,* 105 Vt. 96, 163 At. 591

(1932). Under V.R.A.P. 5(b)(1), however, the presiding judge of a superior court may permit an appeal to be taken from an interlocutory order or ruling if he finds that it involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may advance the termination of the litigation." But V.R.A.P. 5(b)(3) empowers this Court to dismiss such an appeal when these requirements have not been satisfied.

The order from which this interlocutory appeal is sought qualifies quite clearly as a partial summary judgment under V.R.C.P. 56(d); it specifies the facts that appear without substantial controversy and orders that at trial these facts "shall be deemed established; and the trial shall be conducted accordingly." We feel that the characterization of this procedure in the reporter's notes as a type of "formalized pretrial" is particularly apposite here. No rights of the parties have yet been adjudicated because, under the lower court's order, there remains a material issue of fact yet to be resolved. Our determination of a legal question in this context would mark an unwarranted departure from the fundamental rule that a cause of action should not be taken to the appellate court in fragments. The appeal is not properly before us and must be dismissed.

*Appeal dismissed.*