## Shirley V. Castle v. Sherburne Corporation

[446 A.2d 350]

No. 3-81

Present: Barney, C.J., Hill, Underwood and Peck, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed April 6, 1982

*Bloomer and Bloomer,* Rutland, for Plaintiff.

*Allan R. Keyes* and *John J. Zawistoski* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendant.

**Peck, J.** This is a civil action in which the trial court granted plaintiff Shirley Castle permission to take an interlocutory appeal from a discovery order directing the production of certain medical documents. The tangled procedural history of this case demands that the facts be fully set forth.

## I.

In December 1977, plaintiff brought a personal injury action against the defendant ski area alleging negligence and

breach of warranty in the rental of ski equipment. On April 28, 1978, defendant served plaintiff with a V.R.C.P. 34 request to produce seeking, *inter alia:*

Copies of medical records and reports of any doctors or hospitals who treated the Plaintiff for any problems Plaintiff is experiencing allegedly as a result of the accident, including but not limited to problems with her right leg and/or psychiatric or emotional difficulties and including, but not limited to, the records and reports of Doctors Vargas and Peltz.

Plaintiff promptly filed an objection to this request stating in essence that (1) reports made by physicians are discoverable only pursuant to V.R.C.P. 35(b), (2) the medical records of treating physicians and hospitals were not in her possession, custody or control, and (3) she had already provided defendant with authorization to examine the hospital records in question.

Defendant then moved to compel plaintiff to produce the requested documents. V.R.C.P. 37(a)(2). The motion was granted on December 28, 1978, whereupon plaintiff sought review of the discovery order by this Court. We dismissed the appeal for failure to comply with V.R.A.P. 5.

Plaintiff next sought and received the trial court's permission to file a V.R.A.P. 5(b) interlocutory appeal. Again plaintiff was met with a motion to dismiss by defendant, and again we dismissed the appeal on jurisdictional grounds.

On remand, defendant moved pursuant to V.R.C.P. 37(b)(2) for an order imposing sanctions on plaintiff, based on her failure to produce the requested documents. The motion was denied with leave to renew if plaintiff failed to produce the materials before March 15, 1980. No such compliance was forthcoming, and on March 18, 1980, defendant once again requested sanctions. Following an unrecorded conference with counsel, the trial court entered the order which generated this appeal:

[I]t is hereby ORDERED and ADJUDGED that the plaintiff shall produce the documents requested in Defendant's Request to Produce dated May 1, 1978 within fifteen (15) days of the filing date of this Order [June

11, 1980], or the plaintiff will be precluded at trial from introducing evidence relative to the plaintiff's medical condition.

The trial court then granted plaintiff's motion for interlocutory appeal and formulated what it deemed to be the controlling issues of law. Defendant moved to dismiss the appeal on the ground that permission to take it was improvidently granted. V.R.A.P. 5(b)(3). We reserved decision on defendant's motion until completion of briefing and oral argument on the merits.

## II.

As a threshold matter, we address defendant's claim that the interlocutory appeal should be dismissed as improvidently granted. V.R.A.P. 5(b) sets forth three criteria that must be satisfied before an interlocutory appeal may be permitted; the order must involve a controlling question of law, there must be substantial grounds for difference of opinion as to that question, and an immediate appeal must have at least the potential to materially advance the termination of the litigation. Furthermore, in interpreting these criteria the lower courts must be mindful of this Court's well-established policy of avoiding piecemeal appeals. *Gay Brothers Fuel Service* v. *Travelers Indemnity Co.*, 133 Vt. 211, 212–13, 332 A.2d 806, 807–08 (1975); *Isabelle* v. *Proctor Hospital*, 129 Vt. 500, 501, 282 A.2d 837, 838 (1971). Having thus identified the V.R.A.P. 5 standards, the task of applying them to the facts of this case remains.

At times this Court has entertained interlocutory appeals with little or no discussion of the jurisdictional prerequisites. See, e.g., *Bennett Estate* v. *Travelers Insurance Co.*, 140 Vt. 339, 438 A.2d 380 (1981); *State* v. *Shop & Save Food Markets, Inc.*, 138 Vt. 332, 415 A.2d 235 (1980). On other occasions we have determined sua sponte the propriety of an interlocutory appeal, without, however, examining the three criteria of V.R.A.P. 5(b). See, e.g., *State* v. *Carpenter*, 138 Vt. 140, 412 A.2d 285 (1980); *Gay Brothers Fuel Service, supra*. Nevertheless, we have suggested that orders denying or directing discovery are ordinarily not subject to interlocutory review. *Mattison* v. *Poulen*, 134 Vt. 158, 164, 353

A.2d 327, 331 (1976). The rationale behind this rule is obvious. Even if such orders can be said to raise controlling questions of law, they will rarely have the potential to materially advance the termination of the litigation. On the contrary, interlocutory appeals from discovery orders will usually lead to piecemeal review and its attendant delays.

Federal decisions involving interlocutory review of discovery orders under 28 U.S.C. § 1292(b)[1] support the position taken in *Mattison v. Poulen, supra.* The three criteria to be applied in determining the propriety of an interlocutory appeal under V.R.A.P. 5(b) are taken virtually verbatim from § 1292(b), and the central purpose of both provisions is to promote greater judicial efficiency. See generally Reporter's Notes, V.R.A.P. 5; Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b),* 88 Harv. L. Rev. 607, 611 (1975). The federal circuit courts have determined that this objective is ordinarily not served by allowing interlocutory appeals from discovery orders of the district courts. E.g., *Evanson v. Union Oil Co.,* 619 F.2d 72, 74 (Temp. Emer. Ct. App.), *cert. denied,* 449 U.S. 832 (1980) (interlocutory appeal of discovery sanctions would not materially advance ultimate termination of the litigation); *United States v. Salter,* 421 F.2d 1393, 1394 (1st Cir. 1970) (discovery order not a controlling question of law; *United States v. Woodbury,* 263 F.2d 784, 788 (9th Cir. 1959) (order to produce documents over claim of privilege not controlling question of law). This is not to say that such appeals have invariably been rejected. See *Groover, Christie & Merritt v. LoBianco,* 336 F.2d 969 (D.C. Cir. 1964), where the court considered on interlocutory appeal a "work product" objection to a discovery order. We believe, however, that the dissent-

---

[1] V.R.A.P. 5(b) was based on 28 U.S.C. § 1292(b) and F.R.A.P. 5. Reporter's Notes, V.R.A.P. 5 (1971). Section 1292(b) provides in pertinent part:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

ing opinion of Circuit Judge Wright in *Groover* states the better rule.

> Interlocutory appeal is permissible only where the issue raised presents a "controlling question of law" and such appeal will "advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). No controlling question of law is presented by this review of the District Court's ruling on a discovery motion. To permit review here is to "open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." And rather than advance the ultimate termination of this litigation, the dilatory tactics demonstrated by this record, including this interlocutory appeal, have already been the cause of significant delay.

*Id.* at 974 (citations omitted).

■ We conclude that this appeal does not satisfy the criteria of V.R.A.P. 5(b). First, plaintiff's claims are by their very nature collateral to the basic issues of this personal injury action. Discovery rulings are necessarily entrusted to the trial court's broad discretion. *John* v. *Medical Center Hospital of Vermont, Inc.*, 136 Vt. 517, 394 A.2d 1134 (1978). Such orders do not, absent exceptional circumstances, present controlling questions of law within the meaning of the rule. See Comment, *Developments in the Law—Discovery*, 74 Harv. L. Rev. 940, 992–1000 (1961). Secondly, the trial judge erred in finding that interlocutory review of the discovery order will materially advance the termination of this litigation. In fact plaintiff's efforts to secure appellate review have had just the opposite result. Over three years have passed since the court initially ordered her to produce the documents in question. During this period the action has been stalled at the discovery stage while plaintiff sought review by this Court. Finally, as is discussed at length below, we seriously question whether there exists substantial ground for difference of opinion as to the claims raised by plaintiff. We therefore hold that permission to appeal pursuant to V.R.A.P. 5(b) was improvidently granted. The question remains, however, whether good cause exists to suspend the requirements of

Rule 5(b) pursuant to V.R.A.P. 2 and consider the issues posed by the trial judge. We believe it does.

██ ██ The course of this litigation has been delayed long enough. Defendant's request to produce was served on April 28, 1978. The present appeal is the third plaintiff has attempted. Dismissal of it could conceivably result in yet another appeal, from final judgment, if one is ever reached. Furthermore, the merits of the "controlling questions of law" have been fully briefed and argued. Valuable time has been expended by the Court and its personnel in preparing for this case. Thus dismissing the appeal as improvidently granted would not best serve the interests of judicial economy. Therefore we have decided to suspend the rule, V.R.A.P. 2, and answer the questions found to be controlling by the trial judge. See *In re Smith*, 131 Vt. 24, 25, 298 A.2d 823, 825 (1972). We emphasize, however, that this decision should not be interpreted as a relaxation of the strict requirements that must be satisfied before a trial judge permits an interlocutory appeal to this Court.

### III.

The first question stated as controlling is:

> 1. Can a party be compelled to produce for inspection and copying copies of medical records of treating doctors and hospitals, which records are in the actual possession of the doctors and the hospitals and are not in the actual possession of the treated party?

The question is easily answered by turning to our Rules of Civil Procedure. V.R.C.P. 34(a) provides in pertinent part:

> Any party may serve on any person a request (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy any designated documents . . . which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the person upon whom the request is served . . . .

Plaintiff argues that the records requested by defendant are not in her possession, custody or control within the meaning

of the Rule and, therefore, the trial court erred when it ordered her to produce them.

▪ The phrase "possession, custody or control" in Rule 34 "should not be subjected to formalistic strictures which ignore the policy of liberal discovery and the practical realities of the particular situation at issue." *United Nuclear Corp.* v. *General Atomic Co.*, 96 N.M. 155, 170, 629 P.2d 231, 246 (1980). Neither actual physical possession nor ownership of the documents sought is required. *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420, 423 (N.D. Ill. 1977); *Hanson* v. *Gartland Steamship Co.*, 34 F.R.D. 493, 496 (N.D. Ohio 1964). We agree with the New Mexico Supreme Court that the critical inquiry in determining Rule 34 "control" is "whether the party from whom the materials are sought has the practical ability to obtain those materials." *United Nuclear Corp., supra,* 96 N.M. at 170, 629 P.2d at 246. Applying this test we conclude that plaintiff has the practical ability to obtain the requested materials; hence she has control over them. Plaintiff asserts that control of the California hospital records cannot be found because she does not know how to obtain them. We find this argument to be without merit. Plaintiff has made no effort to acquire the documents in question. There is nothing in the record to indicate that a simple request by her would be unavailing. Indeed, plaintiff knew enough about acquiring hospital records to give defendant authorization to acquire them.[2] Plaintiff is in no position to argue that it was not possible for her to obtain the hospital records until she has at least made and demonstrated an effort to do so.

▪ The same analysis applies to the physicians' records with even greater force. Plaintiff has not only made no effort to acquire them but has also refused to give defendant author-

---

[2] The trial court's June 11, 1980, order directing plaintiff to comply with defendant's discovery request was not a model of clarity. It should have separately addressed the production of each document requested by defendant. This is particularly true given plaintiff's production of authorizations to obtain the hospital records, thereby partially satisfying her obligations under V.R.C.P. 34. Nevertheless it was incumbent on plaintiff to seek clarification of the court's order compelling discovery if unsure of its scope.

.ization to obtain them. Because plaintiff has the apparent ability to obtain these records, the order compelling discovery is proper.

 It is the purpose of the discovery rules to eliminate the sporting theory of justice and to ensure complete disclosure. See V.R.C.P. 1. Client and counsel are accordingly under an obligation to act so as to promote a fair and efficient resolution of the litigation. Here the trial court was entitled to require plaintiff to undertake some effort to obtain the requested documents. Under the facts presented by this appeal, the first controlling question of law must be answered in the affirmative.

## IV.

The second question considered controlling by the trial judge is:

> 2. Can a party be compelled to produce reports of treating doctors when that party has not requested a copy of an examining nontreating doctor's report of a physical examination made pursuant to V.R.C.P. 35?

If this presents a question of law within the meaning of V.R.A.P. 5(b), which we doubt, it nonetheless is not one "as to which there is a substantial ground for difference of opinion." *Id.*

Frankly, we do not see how V.R.C.P. 35 is at all relevant to this case. Plaintiff argues: "If V.R.C.P. 35(b)(1) is to mean anything, it means that in the absence of a request by the examined party for a copy of the examining physician's report, she cannot be compelled to provide the defendant with a copy of her attending physician's report." However, she has not cited, nor has our research uncovered, a single decision in support of this broad claim.[3] On the contrary, the relevant authorities refute plaintiff's argument. See *Hoenig* v. *Westphal,* 52 N.Y.2d 605, 609–10, 422 N.E.2d 491, 492–93, 439 N.Y.S.2d 831, 832–33 (1981) (provisions similar to V.R.C.P.

---

[3] We note that despite plaintiff's efforts to have this question decided by us, she has neglected to cite any supporting authority. This is inadequate briefing. See *Quazzo* v. *Quazzo,* 136 Vt. 107, 111, 386 A.2d 638, 641 (1978).

35 not "artificial barriers" to full discovery); 4A Moore's Federal Practice ¶ 35.07, at 35–34 (2d ed. 1981).

Rule 35 merely establishes the procedure for obtaining the court ordered physical or mental examination of a party. No such order has been requested or made in the instant action. Nor has defendant requested plaintiff to produce reports of *examining* physicians, if any exist. Rather, defendant requested the reports of any physicians who *treated* plaintiff for problems resulting from the alleged accident. Because Rule 35 does not preempt other discovery devices, V.R.C.P. 35(b)(3), the second certified question must be answered in the affirmative unless the reports of treating physicians are otherwise protected from discovery. See *Garner* v. *Ford Motor Co.*, 61 F.R.D. 22, 23–24 (D. Alaska 1973) (Rabinowitz, J., concurring).

 Plaintiff, in her brief, acknowledges that she has actual possession of "reports of an attending and treating physician." These reports are unquestionably relevant in this action and therefore discoverable unless privileged.[4] V.R.C.P. 26(b)(1). Our decision in *Mattison* v. *Poulen, supra,* 134 Vt. 158, 353 A.2d 327, forecloses any claim that these materials are privileged. We there held that:

> [O]nce the patient has waived the privilege afforded him under 12 V.S.A. § 1612, by the commencement of an action, such waiver applies to the discovery of matters causally or historically related to the patient-plaintiff's health put in issue by the injuries and damages claimed in the action.

*Id.* at 163, 353 A.2d at 330. Accordingly, the physicians' reports requested by defendant were both relevant and not privileged within the meaning of Rule 26(b)(1). They were, therefore, discoverable. The second question submitted by the trial court is answered in the affirmative.

## V.

 One final matter must be addressed. Defendant, in

---

[4] Plaintiff concedes that the work-product limitations of V.R.C.P. 26(b) (3) and (4) are not applicable. The treating and attending physicians did not acquire their knowledge "in anticipation of litigation."

its brief, asks this Court to award expenses pursuant to V.R.C.P. 37. Under Rule 37(a)(4) a trial judge granting a motion to compel discovery is required to impose expenses upon the party or attorney losing the motion unless the party demonstrates that his conduct was "substantially justified or that other circumstances make an award of expenses unjust." See generally Note, *The Emerging Deterrence Orientation In the Imposition of Discovery Sanctions*, 91 Harv. L. Rev. 1033, 1036 (1978). In the instant case the trial judge not once but twice ordered plaintiff to produce the requested documents. There is, however, nothing in the record to indicate that the question of costs was resolved in accordance with Rule 37. This must be done on remand. It also appears that the trial judge failed to consider the imposition of costs on plaintiff, her attorney, or both for their failure to obey the December 28, 1978, order to provide discovery as is required by V.R.C.P. 37(b)(2). This, too, must be resolved on remand.

*Questions one and two are answered in the affirmative. Cause remanded for further proceedings consistent with this opinion.*