## In re Justice William C. Hill, et al.

[539 A.2d 992]

No. 87-581

Present: **Dooley and Mahady, JJ., and Barney, C.J. (Ret), Keyser, J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned**

Opinion Filed December 18, 1987

*Douglas Richards,* Springfield, and *William J. Donahue,* White River Junction, Petitioners.

**Per Curiam.** Special counsel to the Judicial Conduct Board petition the Court for extraordinary relief under V.R.A.P. 21, requesting relief in the nature of mandamus to compel the testimony of Attorney General Jeffrey Amestoy and Assistant Attorney General David Suntag at the hearing on the formal complaint in this matter. The petition is dismissed.

It is an essential condition to the granting of extraordinary relief by this Court that petitioner set forth "the reasons why there is no adequate remedy by appeal under these rules or by appeal or proceedings for extraordinary relief" in superior court. V.R.A.P. 21(b). This the instant petition fails to do. Petitioners state that in the course of their discovery they have learned that the two prospective witnesses intend to cite the attorney general's work-product privilege in declining to answer certain questions about a November, 1985 investigation of Assistant Judge Jane L. Wheel. But they do not state why this testimonial issue could not be dealt with by the Judicial Conduct Board when and if it arises in the normal course of the proceeding on the merits. Rule 8(7) of the Supreme Court Rules for Disciplinary Control of Judges states as follows:

> At the time and place set for the hearing, the panel shall proceed with the hearing which shall conform to the rules of procedure and evidence governing the trial of civil actions . . . .

Following an evidentiary objection and a Board ruling thereon, any error asserted can be appealed to this Court under Disciplinary Rule 11.

In the event that petitioners believe that they have grounds for earlier relief as a matter of pretrial discovery, Rule 8(4) of the same Rules states that "[d]iscovery shall be permitted as provided for in the Rules of Civil Procedure." Without expressing any views on the merits of such a motion, we note that petitioners are free to move before the Board under V.R.C.P. 37 to obtain the relief that is the essence of their petition here. The Board's action on such motion would also be subject to Rule 11 review. See *McCartney* v. *Commission on Judicial Qualifications*, 12 Cal. 3d 512, 520, 526 P.2d 268, 273, 116 Cal. Rptr. 260, 265 (1974) ("As matters of discovery are generally within the sound discretion of the initial trier of fact . . . we consider that the determination as to whether a discovery order shall issue is within the sound discretion of the Commission."). As the West Virginia Supreme Court said of the same kind of question:

> "It is the obligation of the Judicial Review Board to supervise the extent of discovery in the same manner that a trial court supervises discovery under the *West Virginia Rules of Civil Procedure*; this Court will not assume original jurisdiction of discovery matters."

*In re Markle*, 328 S.E.2d 157, 162 (W. Va. 1984) (quoting *State ex rel. McGraw* v. *West Virginia Judicial Review Board*, 71 S.E.2d 344, 345 (W. Va. 1980)). And see *In re Bates*, 555 S.W.2d 420, 429-30 (Tex. 1977).

Consequently, since "appeal under these rules" is available, extraordinary relief under V.R.A.P. 21 is not.

In any event, the essence of this petition is not the conduct of these witnesses during pretrial discovery, but rather their likely refusal to answer questions at the merits hearing. That hearing has not yet been convened, and it appears quite clear that the questions of the adequacy of their responses at such future hear-

ing and the validity of any privilege they might then assert are not yet ripe, before the Board or any tribunal.

While we have disposed of the issues instantly before us, it is fitting to note some important limitations on the relief available under the Appellate Rules. The normal mode of judicial review in Vermont is by appeal after judgment. V.R.A.P. 3(a). While V.R.A.P. 5 and 21 provide for other modes of relief under narrowly defined circumstances, our policy against piecemeal review of any matter is strong and consistent. *Gay Brothers Fuel Service v. Travelers Indemnity Co.*, 133 Vt. 211, 212-13, 332 A.2d 806, 807-08 (1975). The policy has been enunciated with special clarity where discovery issues are involved. *Castle* v. *Sherburne Corp.*, 141 Vt. 157, 164, 446 A.2d 350, 353 (1982). The same broad and salutary principles apply to appeals from matters before the Judicial Conduct Board. See *McKenney* v. *Commission on Judicial Conduct*, 380 Mass. 263, 265-67, 402 N.E.2d 1356, 1358-59 (1980) (petition for interlocutory relief to question adequacy of complaint denied). The duties of the Board under the Supreme Court Rules for Disciplinary Control of Judges are spelled out clearly and in detail. Occasions may arise for extraordinary relief in the course of any case, and we do not conclusively rule out the granting of such relief in any particular category of cases. Further, it is understandable that because of the sensitivity of the issues raised in judicial discipline proceedings, special counsel, as well as other parties, may be inclined to petition this Court for guidance on a frequent basis. However, such a general tendency would be unwarranted in light of the completeness and specificity of the Rules, would inevitably result in piecemeal review, and would ultimately tend to narrow the scope of the Board's competence, to its own detriment and that of the public.

*Petition dismissed.*