D

STATE OF VERMONT

SUPERIOR COURT                              ENVIRONMENTAL DIVISION
                                              Docket No. 59-5-19 Vtec
                                               Docket No. 3-1-19 Vtec
                                               Docket No. 4-1-19 Vtec

| Capitol Plaza |
| --- |

# ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (59-5-19 Vtec)
Count 2, Act 250 District Commission Decision (59-5-19 Vtec)
Count 3, Act 250 District Commission Decision (59-5-19 Vtec)
Count 4, Act 250 District Commission Decision (59-5-19 Vtec)
Count 1, Municipal DRB Major Development (3-1-19 Vtec)
Count 1, Municipal DRB Major Development (4-1-19 Vtec)

Title:         Motion for Protective Order (Motion 10)
Filer:         Co-counsel
Attorney:   David W. Rugh
Filed Date:  April 28, 2020

No response filed

**The motion is GRANTED IN PART.**

On April 28, 2020, Capitol Plaza Corporation, the City of Montpelier, John Russell, Les Blomberg, Dan Costin, and the Vermont Natural Resources Board (together, Parties) filed a confidentiality and non-disclosure agreement and proposed protective order (Agreement), pursuant to V.R.C.P. 26(f), that concerns pending litigation in Docket Nos. 3-1-19 Vtec; 4-1-19 Vtec; and 59-5-19 Vtec.  The Parties request in § 14 of the Agreement that this Court approve the Agreement as a proposed order.  This Agreement operates as a contract between the Parties for discovery purposes.  While we approve the Agreement without modifications, procedural mechanics surrounding protective orders and the sealing of documents are clarified below.

The Rules of Public Access to Court Records dictate that the public has an affirmative right to court records.  In re Sealed Documents, 172 Vt. 152, 160 (2001); see also Schmitt v. Lalancette, 2003 VT 24, ¶ 1, 175 Vt. 284; V.R.P.A.C.R. 7(a) (stating the public shall have access to all case

1

records); V.R.G.D.E.C.R. 5. This right is not absolute; the "common law has long recognized that courts are possessed of an inherent authority to deny access to otherwise public court records when necessary to serve overriding public or private interests." In re Sealed Documents, 172 Vt. at 160; Castle v. Sherburne Corp., 141 Vt. 157, 164 (1982) (stating that discovery rulings are "necessarily entrusted to the trial court's broad discretion"); Med. Ctr. Hosp. of Vt., Inc. v. City of Burlington, 152 Vt. 611, 627 (1989). This authority is dependent upon the Court's ability articulate specific factors in reaching a conclusion where private interests outweigh public access. See Estate of Koran Trombley, No. 737-10-11 Rdcv, slip op. at 1 (Vt. Super. Ct. Nov. 07, 2011) (citing In re Sealed Documents, 172 Vt. at 161-62; Petition of Keene Sentinel, 612 A.2d 911, 915-16 (N.H. 1992); Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1070 (3d Cir. 1984)). Indeed, pretrial discovery "[r]estrictions which may impede the development, presentation and determination of facts should be avoided wherever possible." Schmitt, 2003 VT 24, ¶ 13 (quoting Int'l Bus. Mach. Corp. v. Edelstein, 526 F.2d 37, 41 (2d Cir. 1975)).

Rule 26(c) allows a trial court, upon motion by a party or by the person from whom discovery is sought, to issue a protective order when good cause shown. V.R.C.P. 26(c) (listing potential grounds for good cause); see also Schmitt, 2003 VT 24, ¶ 10 (contrasting 26(c) with V.R.C.P.(b)(1) which permits the Court in its discretion to order that discovery information be limited in its dissemination). As such, Rule 26(c) allows courts, upon finding good cause, to limit the broad discovery rights proscribed under Rule 26(a) and (b) by balancing interests of reputation and privacy. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 (1984); Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978). Here, stipulation alone by parties is insufficient grounds for finding good cause. Schmitt, 2003 VT 24, ¶ 15 (stating embarrassment, loss of business reputation, and potential to extend discovery as grounds for considering good cause). Therefore, should the parties move for a protective order, good cause must be shown. V.R.C.P. 26(c) (including "annoyance, embarrassment, oppression, or undue burden or expense").

There is a wealth of case law dedicated to developing standards to determine whether motions to seal should be granted. In re Sealed Documents, 172 Vt. at 160–162; Estate of Koran Trombley, No. 737-10-11 Rdcv at 1 (Nov. 07, 2011). Generally, there is a presumptive right to of access to court records and a motion to seal may not be granted until the Court has held a hearing and made a finding that there is good cause specific to the case as to why the motion to seal

2

should be granted. [1] <u>In re Sealed Documents</u>, 172 Vt. at 161; V.R.P.A.C.R. 7(a). The Rules of Public Access to Court Records allow a party to make a motion to seal a record from public access upon a finding of good cause specific to the case before the Judge and exceptional circumstances. V.R.P.A.C.R. 7(a); (see also R.G.D.E.C.R. 3(a) (allowing a party to move to remove information from publicly accessible electronic case records)); <u>Estate of Koran Trombley</u>, No. 737-10-11 Rdcv at 1 (Nov. 07, 2011). <u>In re Sealed Documents</u> considers four elements: (1) whether the presumption of public access has been overcome by a showing that "a substantial threat exists to the interests of effective law enforcement, or individual privacy and safety"; (2) whether the parties have demonstrated the requisite harm with specificity as to each document; (3) whether redaction, or other alternative means, would be a less restrictive manner of protecting confidentiality interests than blanket sealing;[2] and (4) requires the Court to examine each document individually and make fact-specific findings sufficient to withstand appellate review. <u>In re Sealed Documents</u>, 172 Vt. at 160–163.

Here, the Agreement notes in § 4 that should confidential information arise before the Court, Parties will not object to sealing the portion of the transcript and "[c]onfidential [i]nformation filed with the court in the [l]itigation shall be filed under seal unless the court determines otherwise." While the parties are free to determine discovery terms, a party must make a motion to seal, addressing the above four elements, for this Court to make a fact-specific finding to seal documents. Therefore, should the parties move for sealing, the Court shall make a determination assessing whether there is good cause specific to the case and exceptional circumstances such that the presumption of public access it outweighed.

Keeping in mind the considerations above, the Agreement that accompanies this entry order is therefore **GRANTED**. While we recognize and commend the Parties' cooperation on

---

[1] The Rules of Public Access to Court Records and Rules Governing Dissemination of Electronic Case Records have been and continue to be extensively amended in response to technological advances and privacy concerns, incorporating cross-references and requiring electronic filers to be familiar with the substantive provisions of the public access rules. Reporters Notes 2020, R.G.D.E.C.R. 5. While these rules are subject to change, affecting standards for sealing, the case law is clear in its implementation of the "good cause" standard. <u>In re Sealed Documents</u>, 172 Vt. at 160–163.

[2] There is a preference that documents should be redacted ". . . so that the protective order will have the least intrusive effect on the public's right of access." <u>Hammock by Hammock v. Hoffman-LaRoche, Inc.</u>, 662 A.2d 546, 559 (N.J. 1995).

discovery issues, the above clarification of procedural mechanics surrounding protective orders and sealing serves to inform the Parties' motion practice and obligations going forward.

So ordered.

Electronically signed on May 01, 2020 at 01:55 PM pursuant to V.R.E.F. 7(d).

_____

Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
James A. Dumont (ERN 1948), Attorney for Appellant Les Blomberg
James A. Dumont (ERN 1948), Attorney for Appellant Daniel Costin
Joseph S. McLean (ERN 2100), Attorney for Cross Appellant Capitol Plaza Corporation
David W. Rugh (ERN 1507), Attorney for party 7 Co-counsel
Gregory J. Boulbol (ERN 1712), Attorney for Interested Person Natural Resources Board
Joseph S. McLean (ERN 2100), Attorney for Cross Appellant City of Montpelier