VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



Docket No. 22-ENV-00092

| Wheeler Parcel Act 250 Determination |
|---|

## ENTRY ORDER

Title:      Motion for Summary Judgment (Motion: 28)
Filer:      James M. Leas, Alan Luzzatto, and Jeanne Zagursky
Filed Date:   April 1, 2024

Memorandum in Opposition filed by Christopher D. Roy, Attorney for Blackrock Construction, LLC, on April 12, 2024.

Neighbors Reply in Support of Motion filed by James M. Leas, Alan Luzzatto, and Jeanne Zagursky on April 15, 2024.

**The motion is DENIED**.

This is an appeal of a District 4 Environmental Commission (District Commission) decision approving an Act 250 permit issued to BlackRock Construction, LLC (BlackRock) for the development of a 32-unit residential project at the intersection of Dorset Street and Park Road in South Burlington, Vermont (the Project).  Inverness Homeowners' Association, Glen Eagles Homeowners' Association, Villas at Water Tower Hill Homeowners' Association, Neighbors Committee to Stop Neighborhood Blasting, and James Leas appealed the District Commission's decision to this Court.[1]  Presently before the Court is a motion for an interlocutory appeal of the Court's March 22, 2024 Decision on Motion for Summary Judgment (the March Decision), filed jointly by Mr. Leas, Villas at Water Tower Hill

---

[1] Pursuant to this Court's October 12, 2023 Decision on Motions and March 22, 2024 Decision on Motion for Summary Judgment in this case, Inverness Homeowners' Association and Glen Eagles Homeowners' Association have been converted from Appellant status to "For Informational Purposes Only" such that they remain notified of all of the decisions in this docket, including this Entry Order.  See In re Wheeler Parcel Act 250 Determination, No. 22-ENV-00092 (Vt. Super. Ct. Envtl. Div. Oct. 12, 2023) (Walsh, J.); Wheeler Parcel Act 250 Determination, No. 22-ENV-00092 (Mar. 22, 2024) (Walsh, J.).

Homeowners' Association, and Neighbors Committee to Stop Neighborhood Blasting (together, Neighbors). Blackrock opposes the motion. In this matter, Mr. Leas is a Vermont attorney representing himself in his individual capacity. Villas at Water Tower Hill Homeowners' Association has received approval to be represented by a non-attorney, Alan Luzzatto. Neighbors Committee to Stop Neighborhood Blasting received similar approval and is represented by Jeanne Zagursky.

## Legal Standard

Interlocutory appeals are the exception to the typical rule limiting appellate jurisdiction to the review of final judgments. In re Pyramid Co. of Burlington, 141 Vt. 294, 300 (1982). Interlocutory appeals are disfavored. Id. This is because they bypass the "weighty considerations that support the finality requirement," and result in "[p]iecemeal appellate review [which] causes unnecessary delay and expense, and wastes scarce judicial resources." Id. To mitigate these concerns, the Vermont Rules of Appellate Procedure (V.R.A.P.) have directed the Court to authorize such appeals only when the Court finds that: (1) the order "involves a controlling question of law;" (2) there is "substantial ground for difference of opinion" about that question; and (3) "an immediate appeal may materially advance the termination of litigation." V.R.A.P. 5(b)(1). A moving party's failure to satisfy any one of these criteria "precludes certification and appellate decision [. . . because] appeal in such a case would contradict the purpose of V.R.A.P. 5(b)." Pyramid Co., 141 Vt. at 302 (citing Castle v. Sherburne Corp, 141 Vt. 157 (1982)). With these legal standards in mind, we turn to the merits of Neighbors' motion.

## Discussion

Neighbors assert that the following controlling question of law was addressed by the Court in the March Decision and is the grounds for the basis of their motion: "Is the standing of an appellant regarding the criteria in the case that was obtained automatically and/or by order of this [C]ourt sufficient to establish their standing to raise concerns related to the same criteria in this case?" Neighbors' Motion for Interlocutory Appeal at 2 (filed on April 1, 2024). Neighbors assert that the Court reconsidered their standing in the March Decision.

Nothing within the March Decision considers, alters, or amends Neighbors' standing.

The Court is confused as to this proffered interpretation of the March Decision. The March Decision on the motion for summary judgment did not impact any aspect of Neighbors established standing in this case. The Court has again reviewed the March Decision. The March Decision denied Neighbors' motion for summary judgment in large part on the grounds that Neighbors failed to meet their burden of supporting their own summary judgment motion pursuant to V.R.C.P. 56 standards by establishing, through admissible evidence, undisputed material facts that would be sufficient to allow this Court to grant them judgment as a matter of law.[2] In so concluding, the Court stated:

> Generally, Neighbors' statement of undisputed material facts seeks to lay out what Neighbors believe the applicable law is to the issues before the Court and BlackRock's evidence provided with respect to its Project. Neighbors' motion and supportive filings, however, contains no specific record evidence as to how the Project will impact Neighbors at their respective homes or areas that they would have standing to raise concerns related to these criterion. For example, no affidavits have been provided to establish that Neighbors' use of the nature park or other area in the vicinity of the Project that would give rise to their standing to raise these issues at this time. Further, and more fundamentally, there is no record evidence as to the location of any of their homes, or the homes of the members of the respective organizations, relative to the Project.[] This is foundational evidence that the Court must have to put the provided record into context and analyze the Project under the requisite Act 250 Criteria. The Court understands that Neighbors are self-represented and may have believed that such a fact was obvious, but the Court cannot fill in gaps in favor of a moving party on summary judgment. The material facts must be established by admissible evidence and the failure to put the Project at all in context of their claims is deficient under V.R.C.P. 56.[] Absent this record, the motion is merely conclusory in its request for relief and the record is incomplete.

---

[2] The Court notes that the March Decision further concluded that the record on the motion presented disputes of fact that would warrant denial of any summary judgment motion. See Wheeler Parcel Act 250 Determination, No. 22-ENV-00092, slip op. at n. 6 (Mar. 22, 2024) (Walsh, J.). While the pending motion clearly disagrees with that conclusion, it is a factual one precluding both summary judgment and an interlocutory appeal. See State v. McCann, 149 Vt. 147, 151 (1987) (quoting Pyramid Co., 141 Vt. at 304); accord Hubacz v. Village of Waterbury, 2018 VT 37, ¶ 10 n.3, 207 Vt. 399 ("This Court's consideration of a question certified for interlocutory review addresses only questions of law.").

<u>Wheeler Parcel Act 250 Determination</u>, No. 22-ENV-00092, slip op. at 4 (Mar. 22, 2024) (Walsh, J.) (footnotes omitted).

This is the sole discussion of standing in the March Decision. It is simply a demonstrative example of the deficiencies in Neighbors' support for their motion. No aspect of the decision required Neighbors to reprove their standing or reassessed the standing previously established. Simply put, the Court noted that Neighbors were required by Rule 56 to provide sufficient material facts established by admissible evidence to allow the Court to establish that they were entitled to judgment as a matter of law. This would, for example, include how the Project violates the Act 250 Criteria.[3] Neighbors failed to do so when moving for summary judgment.

In sum, the March Decision contained no conclusion reassessing Neighbors' standing. Neighbors retain standing under Criteria 1 (noise, particulates, exhaust, and chemicals), 5A, 8 (aesthetics and noise), and 10. The March Decision was, instead, a conclusion that Neighbors, as the moving party within the context of a motion for summary judgment, failed to meet their burden in supporting such a motion. Thus, March Decision did not involve the controlling question of law related to standing. The motion must fail. See <u>Pyramid Co.</u>, 141 Vt. at 302 (noting that the failure to satisfy any V.R.A.P. 5(b) criteria precludes the certification of an interlocutory appeal) (citation omitted).

---

[3] We note that Neighbors' argument is unclear. To the extent that they are asserting that, by virtue of being granted party status under any Act 250 Criteria, they are able to raise impacts from the Project in areas where they would not have standing, such that the Court's notation that their failure to provide admissible evidence of impacts personal to them and their members as grounds to deny their motion under Rule 56 was an error of law with respect to the scope of their standing, this assertion is not a correct statement of the law. It is well-established that Courts "do not allow third-party standing." <u>Baird v. City of Burlington</u>, 2016 VT 6, ¶ 15, 201 Vt. 112; see also <u>Warth v. Selding</u>, 422 U.S. 490, 499 (1975) (explaining that a litigant "cannot rest his claim to relief on the legal rights or interests of third parties."); see also <u>U.S. Dep't of Labor v. Triplett</u>, 494 U.S. 715, 720 (1990) (same); see also <u>In re Sugar Mountain Holdings, LLC Act 250 Permit Amendment</u>, No. 22-ENV-00117, slip op. at 11 (Vt. Super. Ct. Envtl. Div. July 19, 2023) (Walsh, J.) *aff'd* 23-AP239 (unpub. mem.) (interpreting the scope of party's standing to raise issues in the context of their party status). Thus, even putting to the side the fact that the Court did not rule on Neighbors' standing, to the extent they assert that, by virtue of retaining party status in this matter they may challenge the Project in any location, even those in which they would not have standing, this does not present grounds for an interlocutory appeal. There are no substantial grounds for a difference of opinion on the prohibition of third-party standing.

Despite reaching this conclusion, the Court is compelled to address additional grounds requiring denial of the pending motion.

First, to the extent that Neighbors generally challenge the March Decision's conclusion that they failed to meet their burden with respect to their motion for summary judgment or the merits of their underlying motion, this is not a pure legal question that the Vermont Supreme Court could accurately resolve absent the record proffered in support of the summary judgment motion. See Pyramid Co. 141 Vt. at 304 ("A question of law is one capable of accurate resolution by an appellate court without the benefit of a factual record. If factual distinctions could control the legal result, the issue is not an appropriate subject for interlocutory appeal.") (citations omitted). Similarly, the Court concurrently concluded that there were disputes of fact that required the denial of the motion for summary judgment. This is a factual distinction precluding an interlocutory appeal of the March Decision. Because the March Decision was based on the record before the Court on the motion and the substantive arguments Neighbors raise in their motion for interlocutory appeal require a reassessment of that record, interlocutory review is improper.

Second, and most importantly in the context of the pending motion, Neighbors' motion concedes that even if they were meritorious on both the pending motion and on appeal to the Vermont Supreme Court additional litigation would be required to terminate the appeal. They state a decision on the merits of summary judgment could be made on the record if they succeeded on the pending interlocutory appeal on the proffered standing grounds. This statement ignores the Court's conclusion that there were material facts in dispute that prohibited the Court from granting Neighbors summary judgment in addition to the conclusion that the motion was procedurally deficient to allow the Court to grant them judgment as a matter of law. Wheeler Parcel Act 250 Determination, No. 22-ENV-00092, at n. 6 (Mar. 22, 2024). The Court fails to see how it would materially advance this litigation to place the parties and the Court back into a position of denying a motion on such fundamental factual grounds and needing to proceed with a trial on the merits following Neighbors interlocutory appeal, even if it were to be successful. This is particularly true

when this matter is set for a multi-day merits trial beginning May 6, 2024[4] at which point the Court can address all the issues before the Court in an efficient and complete manner to allow for final judgment and, if required, appeal of all issues raised by the parties in this matter. To grant the pending motion would be to delay this long-scheduled trial and significantly delay a final decision on the merits of the complete appeal. Thus, interlocutory appeal in this case, particularly with trial three weeks away, would only result in delayed litigation, waste significant judicial and party resources, and would materially delay the termination of this already long-running litigation in terms of months, if not years. This presents additional grounds to deny the pending motion. See V.R.A.P. 5(b)(1)(B) (noting that an interlocutory appeal may only be granted when "an immediate appeal may materially advance the termination of the litigation.") (emphasis added).

For these reasons, the motion is **DENIED**. The Court reminds the parties that this matter is set for an April 17th hearing on the pending motion to continue trial

Electronically signed this 15th day of April 2024, pursuant to V.R.E.F. 9(D)

Thomas G. Walsh, Judge
Vermont Superior Court, Environmental Division

---

[4] The Court notes that on April 10, 2024, Neighbors moved to continue trial. The Court has scheduled a motion hearing on the issue for Wednesday, April 17, 2024

6