Filed 11/21/24

VERMONT SUPERIOR COURT
Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01214

---

Hon. James H. Douglas, Special Administrator of the Estate of John Abner Mead v. The President and Fellows of Middlebury College

---

Ruling on Governor Douglas's Motion to Amend and Motion for Interlocutory Review

In this case, Governor Douglas, as executor of the Estate of Governor Mead, has challenged Middlebury College's decision to remove of the Mead name from the Mead Memorial Chapel, the construction of which was funded largely by Governor Mead in 1914. Governor Douglas originally asserted claims of breach of contract, breach of the covenant of good faith and fair dealing, breach of a condition-subsequent to a gift, and unjust enrichment.

In its October 3, 2024, decision, the court did not resolve whether the transaction between Governor Mead and Middlebury sounded in contract or gift law. However, it did conclude that if the transaction was a gift, then any naming condition to that gift is not enforceable in this case. It further concluded that if the transaction was a contract, any term as to duration of the name has been satisfied as a matter of law by the extraordinary passage of time. The court further rejected the unjust enrichment claim. The good faith and fair dealing claim survived the motion. The parties had not addressed that claim in substance, and the court did not analyze it.

Following the October 3 decision, Governor Douglas filed a motion to amend the complaint to add two claims—promissory estoppel and equitable estoppel—and to withdraw the conditional gift and unjust enrichment claims with prejudice. He also filed a motion seeking permissive interlocutory review of the court's contingent ruling that any reasonable durational naming condition to a contract, if there was a contract, has been satisfied. Middlebury assents to the withdrawal of the conditional gift and unjust enrichment claims and otherwise opposes both motions.

*The Motion to Amend*

Rule 15(a) provides that leave to amend a complaint shall be freely given by the court "when justice so requires." This provision is liberally construed in favor of allowing parties to amend their pleadings. *Lillicrap v. Martin*, 156 Vt. 165, 170 (1991). "The principal reasons underlying the liberal amendment policy are (1) to provide maximum opportunity for each claim to be decided on its merits rather than on a procedural technicality, (2) to give notice of the nature of the claim or defense, and (3) to enable a

party to assert matters that were overlooked or unknown to him at an earlier stage in the proceedings." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 4, 184 Vt. 1 (citation omitted). Middlebury argues, substantially, that Governor Douglas has waited far too long to add these claims to the case, and they are meritless regardless.

The record is clear that Middlebury has been aware of Governor Douglas's probable intention to add a promissory estoppel claim for months. The claim is based on records that Middlebury already has produced in discovery, it will not require any time-consuming new round of discovery, it is not obviously frivolous, it does not appear to be interposed for purposes of delay, and there is no palpable showing that it will cause any. Most importantly, Middlebury has not established that there is any unfair prejudice in allowing the promissory estoppel claim.

The proposed equitable estoppel claim is a closer call. It is not clear to the court that it, in substance, is any different from the promissory estoppel claim. Equitable estoppel typically is predicated on a representation of past or existing *fact*. Promissory estoppel, by contrast, is predicated on a representation as to future intention that is treated as a promise. See 4 Williston on Contracts §§ 8:3–8:4 (4th ed.) (discussing the difference between equitable and promissory estoppel). In classic equitable estoppel terms, the proposed amendment is unclear as to what Governor Douglas is trying to estop. However, this matter will be more reliably resolved with further motion practice or at trial rather than by rejecting the claim outright with minimal amendment briefing.

Governor Douglas's motion to amend therefore is granted.

*The Motion for Interlocutory Review*

Appellate Rule 5(b)(1) allows the court to permit an immediate appeal of an interlocutory order if the court concludes that the order: (1) involves a controlling question of law (2) about which there exists substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the termination of the litigation. V.R.A.P. 5(b)(1). "The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." 16 Wright & Miller et al., Fed. Prac. & Proc. Juris. § 3930 (3d ed.). In making that assessment, the court recognizes that permissive interlocutory review is a very limited exception to the "well-established policy of avoiding piecemeal appeals." *Castle v. Sherburne Corp.*, 141 Vt. 157, 162 (1982).

The court sees no wisdom in an immediate appeal to test the contingent ruling that if the transaction was a gift that any durational term has been satisfied as a matter of law by the passage of time. That ruling is contingent on a jury first determining that the transaction in fact was a contract. It will be moot, and any immediate appeal a waste of time and resources, if the jury does not so find. Moreover, if the Supreme Court were to reverse, it would simply add an issue for the jury to determine—whether the passage of time has satisfied any reasonable durational term, if there is a contract. This is not

23-CV-01214 Hon. James H. Douglas, Special Administrator of the Estate of John Abner Mead v. The President and Fellows of Middlebury College

the sort of unusual case in which interlocutory review makes sense. The parties can make their determinations as to any appeals once the case arrives at a final judgment.

## Order

For the foregoing reasons: (1) Governor Douglas's motion to amend is granted. The withdrawn claims of breach of a conditional gift and unjust enrichment will be treated as having been dismissed with prejudice. (2) Governor Douglas's motion seeking leave for interlocutory review is denied.

SO ORDERED this 19th day of November, 2024.

_____
Robert A. Mello
Superior Judge