Filed 03/21/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 547-6-19 Cncv

| | |
|---|---|
| STATE OF VERMONT,<br>  Plaintiff<br><br>  v.<br><br>3M COMPANY, et al.,<br>  Defendants | DECISION ON MOTION |

## RULING ON DEFENDANTS' MOTION TO COMPEL EXPERT DISCOVERY RESPONSES

Defendants have filed a motion pursuant to Rules 26(h) and 37(a)(2) of the Vermont Rules of Civil Procedure seeking an order compelling the State to provide responses to 3M's requests for certain expert discovery. Defendants contend that they need that discovery to adequately prepare for upcoming expert depositions, and they assert the State has failed to properly supplement its initial discovery responses as required by rule. The State opposes the motion to compel, arguing that 3M's most recent requests are untimely and alleging that it has provided all discovery called for under the rules. For reasons discussed below, Defendants' motion is GRANTED IN PART and DENIED IN PART.

### Background

On June 30, 2020, Defendant 3M served its first set of discovery requests, which sought routine information regarding the State's expert witnesses, including the identification and production of documents considered by those experts in forming their opinions. The State objected to those requests as "seeking premature expert disclosures," and further responded that it would "make any required disclosures under V.R.C.P. 26(b)(5) at the appropriate time." *See* Def. 3M's Mot. to Compel, Ex. 1 at 44-45 & Ex. 2 at 50-51. Thereafter, the State disclosed its expert witnesses on July 15, 2024, in accordance with the parties' discovery schedule. On August 15, 2025, the Court approved and adopted the parties' stipulated Seventh Amended Discovery /ADR Order, which maintained the existing deadline for serving all written discovery as February 1, 2024. Next, on September 20, 2024, 3M served on the State its "Expert Interrogatories and Requests for Expert Materials," calling for information about the bases for the State's experts' anticipated opinions. The State objected to 3M's new expert requests as untimely and as exceeding the requirements of Rule 26. Counsel for the State and 3M conferred pursuant to Rule 26(h) and were unable to resolve the discovery dispute without the Court's intervention. The present motion to compel followed, initially filed by 3M and later joined by the other Defendants.

<u>Discussion</u>

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," V.R.C.P. 26(b)(1), and trial courts have "broad discretion" over discovery rulings. *Castle v. Sherburne Corp.*, 141 Vt. 157, 164 (1982). Despite Vermont's liberal discovery rules, however, Defendants are not entitled to an order compelling responses to their latest expert discovery requests largely because the requests are untimely. As noted above, the deadline for all written discovery in this matter expired on February 1, 2024; it is undisputed that 3M did not serve its current requests until September 20, 2024. Had Defendants wished to extend the deadline for conducting written discovery, they could have addressed this in the August 2024 proposed amended ADR Order. Moreover, contrary to 3M's assertions, Rule 26(b)(5)(A)(iii) does not implicitly allow parties to conduct follow-up written discovery after expert disclosures are made, particularly where the deadline for issuing interrogatories and requests to produce has long passed. While 3M contends that it needs additional written discovery to prepare for depositions, it is widely recognized that the depositions themselves are the opportunity to acquire more detailed information from the expert witnesses. *See, e.g.*, *Hayek Med. Devices (N. Am.), Ltd v. State*, No. 247-7-20 Wncv, 2024 WL 2242506, at *4 (Vt. Super. Ct. Mar. 25, 2024) (Tomasi, J.) ("To the extent [a party] wishes to obtain more detained information as to the bases and scope of the [expert] opinions, it may be obtained through deposition practice."). Indeed, the purpose of expert interrogatories "is to allow defendants to garner enough information to make a choice about whether and how to take a deposition," not to "obtain all of the details a requesting party might ultimately want to know." *Stella ex rel. Est. of Stella v. Spaulding*, 2013 VT 8, ¶¶ 17, 19, 193 Vt. 226 (quotation omitted).

To the extent 3M contends that its motion is based in part on its 2020 expert discovery requests and that the State must now supplement its responses to those requests, the Court notes the State has already supplemented the 2020 responses through its expert disclosures and production of related reliance materials. The record indicates that the State has produced over 200,000 pages of expert reliance materials and that it has not intentionally withheld any such reliance materials. *See* Krass Aff. ¶¶ 4, 6; *see also* Ex. A to Krass Aff. (Excel spreadsheet listing all reliance materials produced). The State has also represented that it will supplement its reliance materials as new information becomes available. *See* Krass Aff. ¶ 4.

In its Reply Memorandum, 3M references three specific requests, including Interrogatories Nos. 42 and 44, and "Request to Produce No. 1" of 3M's 2020 requests, which it asserts require supplementation. *See* 3M's Reply at 5 & n.6. The interrogatories request "any exhibits that will be used in this litigation to summarize or support the opinions of each expert" and "each matter in which each expert . . . has testified," respectively. *See* Mot. to Compel, Ex. 1 at 44-45. This request appears to seek exhibits that will presumably be offered at trial, and thus remains premature. The Court expects that the State will produce such materials when all other trial exhibits must be produced. However, if the State has not yet produced a list of "each matter in which each expert . . . has testified," then it has 30 days to supplement its responses to provide such information. Request to Product No. 1 appears to seek expert reliance documents; as discussed above, the State represents that it has already produced all expert reliance materials now in existence. To the extent it has not, it must do so within 30 days. As to 3M's arguments regarding the State's production of "total organic carbon" sampling data for wastewater effluent

or groundwater, reliance materials for State expert Anthony Brown, and reliance materials for State expert Michael Kalsher, *see* 3M's Reply at 1, 4-5, 6, it seems that the State has made supplement disclosures and has now in fact produced all such materials requested. *See* Supp'l Aff. of Krass (filed Nov. 25, 2024). Therefore, no order of the Court is warranted.

Finally, pursuant to the parties' stipulated motion for *in camera* review, the Court has reviewed the State's expert disclosure *in camera*. For each of the 20 witnesses listed, the State: (1) "identif[ies]" the expert witness; (2) "state[s] the subject matter and the substance of the facts and opinions as to which the expert is expected to testify"; and (3) "provide[s] a summary of the grounds for each opinion." V.R.C.P. 26(b)(5)(A)(i). Thus, the information provided in the State's 265-page expert disclosure easily satisfies its obligation under Rule 26.

<u>Order</u>

For the foregoing reasons, Defendants' Motion to Compel Expert Discovery Responses (Mot. #120) is GRANTED IN PART and DENIED IN PART. To the extent the State has not yet provided a list of "each matter in which each expert . . . has testified" or has failed to produce all existing materials upon which experts have relied in forming their opinions, it shall do so within 30 days. In all other respects, the motion is DENIED.

Electronically signed on March 21, 2025 at 11:34 AM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge

3