Filed 09/05/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 21-CV-00323

**Bruce Kelley, et al v. Franklin County Rehab Center, LLC d/b/a Franklin County Rehabilitation Center and d/b/a Franklin County Rehabilitation & Adult Care Center, et al**

## ENTRY REGARDING MOTION

Title: Motion for Permission to File an Interlocutory Appeal of this Court's 8/18/25 Order (Motion: 16)
Filer: Vincent Illuzzi
Filed Date: August 29, 2025

The motion is DENIED.

Plaintiff seeks permission for an interlocutory appeal on the Court's August 18th decision granting summary judgment to three individual defendants in the present matter. The basis of Plaintiff's motion is premised on newly filed facts that they believe cure the prior issues in their opposition to Defendant's motion for summary judgment. For the reasons stated below, the Court does not find sufficient grounds to grant Plaintiff's Motion, and permission for interlocutory appeal is **Denied.**

### Standard of Review

Under V.R.A.P. 5, permission for an interlocutory appeal depends on whether a ruling involves a controlling question of law about which there exists a substantial ground for difference of opinion and an immediate appeal may materially advance the termination of the litigation. V.R.A.P. 5(b)(1). The Vermont Supreme Court has interpreted Appellate Rule 5(b)(1) to require the moving party to prove three things:

> (1) the ruling to be appealed must involve a controlling question of law; (2) there must be a substantial ground for difference of opinion on that question of law; and (3) an immediate appeal must materially advance the termination of the litigation.

*State v. Pelican*, 154 Vt. 496, 501 (1990) (quoting *State v. Wheel*, 148 Vt. 439, 440 (1987)). "The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." *In re Pyramid Co. of Burlington*, 141 Vt. 294, 302, (1982) (quoting 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, Federal Practice and Procedure § 3930, at 156 (1977)). A party's failure to satisfy any one of these three requirements "precludes certification" by a trial court that the order at issue is appropriate for interlocutory appeal. *Pyramid Co.*, 141 Vt. at 302. The trial court exercises its discretion in granting or denying a party's motion seeking interlocutory review. *State v. Haynes*, 2019 VT 44, ¶ 33, 210 Vt. 417. A motion for an interlocutory appeal must not constitute a dilatory tactic or cause significant delay. *Castle v. Sherburne Corp.*, 141 Vt. 157, 164 (1982). Discovery rulings "do not, absent exceptional circumstances, present controlling questions of law within the meaning of the rule." Id.

## Background

The present case involves a complicated series of claims regarding Plaintiff's paralysis. Plaintiff had been hospitalized at UVM Medical Center for vascular issues in his legs for approximately two and a half months before he had a complicated surgery designed to relieve the vascular issue. Several days after the surgery, Plaintiff was moved to a rehabilitation center. Plaintiff began complaining of discomfort in his legs on the ambulance ride over to the center. On his first day at the center, he was lifted from his seat in a hoyer lift chair. Plaintiff complained of pain during the lift. After the lift, he began experiencing numbness and continuing discomfort. The nursing staff at the center did not perform a neurological examination that evening, and the on-call doctor did not order such tests. In the morning, the center sent him to the local hospital for an unrelated health issue. At the hospital, the staff determined, after testing, that there were issues with Plaintiff's legs, and the hospital sent him back to UVM Medical Center. After examining Plaintiff and performing tests, UVM Medical Center determined that the issue was neurological and related to a pocket of blood against his spine. Over 16 hours after Plaintiff was admitted, the UVM Medical Center performed surgery to relieve the pressure on the spine, but it was too late as Plaintiff's paralysis had become permanent.

On review for summary judgment, Defendants raised the issue of causation. Their filings focused on Plaintiff's experts and the gap between the allegation of negligence and the question of "but for" causation. *Wilkins v. Lamoille County Mental Health Services, Inc.*, 2005 VT 121, ¶¶ 12–14. As

a complicated medical issue, Plaintiffs must establish the elements of negligence through specific expert witness opinions and testimony. *Taylor v. Fletcher Allen Health Care*, 2012 VT 86, ¶ 9.

As Plaintiffs admit, the alleged negligence of the nurses and doctor from the time after the hoyer lift until Plaintiff left the rehabilitation center did not cause the injury that led to Plaintiff's paralysis. Instead, they allege that their failures contributed a delay to getting Plaintiff diagnosed and treated that lost Plaintiff valuable time. The problem with this proposition is that none of Plaintiffs' experts in the testimony and information put before the Court were able to link this delay specifically to Plaintiff's paralysis.

To draw a simpler analogy, imagine a party is in a car wreck and is badly injured. An ambulance arrives and puts the party on a stretcher. But as they are putting the stretcher into the ambulance, they drop it. This is arguable a breach of the ambulance's duty of care to safely put a person into the ambulance. There has been a breach and negligence, but it is only actionable if they can show that the party's injuries were worsened by the drop.

In this case, Plaintiffs have experts who have opined, for purposes of summary judgment, that the nurses and medical doctor were negligent, but there is no opinion or evidence to show the worsening. In other words, if the nurses had done the testing would Plaintiff have been sent to UVM Medical Center sooner and would the diagnosis and surgery have come before the paralysis became permanent? No expert has said so. For that reason, the Court granted partial summary judgment.

## Legal Analysis

As noted above, the partial summary judgment decision was premised on a review of the available facts marshalled by both sides for summary judgment purposes. In their motion for interlocutory appeal, Plaintiffs do not point out any legal issue but effectively seek reconsideration and the introduction of new exhibits. There is no controlling question of law. The law of negligence, medical malpractice, and causation are largely undisputed. Plaintiffs' motion questions the Court's conclusions, but it does not suggest that there is a specific legal issue in dispute.

Finally, there is no legal issue in dispute that could substantially advance the case. Notwithstanding the partial grant of summary judgment, the rehabilitation center remains a defendant, and a cause of action continues against both the rehabilitation center and UVM Medical

21-CV-00323 Bruce Kelley, et al v. Franklin County Rehab Center, LLC d/b/a Franklin County Rehabilitation Center and d/b/a Franklin County Rehabilitation & Adult Care Center, et al

Center. If this partial summary judgment was reversed, the litigation would neither terminate nor materially advance.

Based on this lack of either a dispositive or disputed legal issue or controlling question of law, the Court finds that Plaintiffs cannot establish a basis for an interlocutory appeal under the case law governing, and that the resulting appeal would effectively be a piecemeal appeal of the present matter. *Pelican*, 154 Vt. at 501 (1990); see also *In re Pyramid Co. of Burlington*, 141 Vt. 294, 300–01 (1982).

For these reasons, Plaintiffs' motion for an interlocutory appeal is **Denied.**

Electronically signed on 9/4/2025 7:08 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge