Filed 06/06/25

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-01936

---

WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1 v. Fuad Ndibalema et al

---

Opinion and Order on Mr. Ndibalema's:
Motion #12 for Leave to File Supplemental Documents Related to This Proceeding;
Motion #14 for Reconsideration of Entry Regarding Rule 15(d), for New Trial
Pursuant to V.R.C.P. 59, or for interlocutory review; and
Motion #15 for Relief from Summary Judgment Orders and Motion for
Stay of Execution of Judgment Pursuant to Rule 60(b)

This is a straightforward residential foreclosure case.  Defendants, who filed counterclaims, are self-represented.  On November 7, 2024, Wells Fargo filed a motion seeking summary judgment on its affirmative claims and Defendants' counterclaims, a motion for foreclosure by sale, and a motion for attorney's fees.  Its motion for summary judgment was well-supported by the record, which it presented in conformity with Vt. R. Civ. P. 56(c).  Defendants' opposition consisted primarily of a huge volume of documents "dumped" into the record and neither presented in conformity with Vt. R. Civ. P. 56(c) nor organized and presented in any cogent manner by which the Court might understand how they were intended to establish disputes of fact or support for the counterclaims or in opposition to Wells Fargo's claims.  Due to the state of the record, the Court deemed the facts asserted by Wells Fargo as unopposed pursuant to Vt. R. Civ. P. 56(e)(2), and it granted summary judgment to Wells Fargo on its claims as well as Defendants' counterclaims.  Defendants then filed Motions 14 and 15, as captioned above, seeking

reconsideration and related relief. Defendants filed Motion 12 two days before the summary judgment ruling. The Court considered those potential materials as falling within the group of documents Defendants offered in opposition to the summary judgment motion. It escaped the Court's notice at that time that the filing also contained a request to add a "supplemental pleading." The Court will address that request below.

1. <u>Motion #12 seeking leave to file supplemental documents</u>

Though Defendants captioned Motion 12 to indicate that they were seeking permission to file supplemental materials related to summary judgment proceedings, in the body of the motion, they also requested permission to file a supplemental pleading pursuant to Rule 15(d). Rule 15(d) is the device used when a party seeks to "serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Pleadings consist exclusively of "a complaint and an answer; a disclosure under oath, if trustee process is used; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." Vt. R. Civ. P. 7(a). There is no pleading associated with Defendants' Motion 12. Accordingly, it is denied. As noted, however, the Court did consider the materials with regard to the Defendant's opposition to summary judgment.

2. <u>Reconsideration pursuant to Motions 14 and 15</u>

Defendants seek reconsideration of the Court's summary judgment decision in both Motions 14 and 15 (ostensibly pursuant to Rules 59 and 60 though the case remains in an interlocutory phase and no final judgment has been entered).

"The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* "Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State Univ.*, 330 F.Supp.2d 1240, 1249 (M.D. Ala. 2002). A party may not wait for reconsideration to "wheel out all its artillery." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (*quoting Employers Ins. of Wausau v. Bodi–Wachs Aviation Ins. Agency*, 846 F. Supp. 677, 685 (N.D. Ill. 1994)).

While the above precedents inform the Court's review, the Court also retains extremely broad discretion to reconsider its interlocutory orders. Vt. R. Civ. P. 54(b) (interlocutory orders "subject to revision at any time" prior to entry of final judgment); *see Drumheller,* 185 Vt. at 432. A court should not hesitate to revisit a ruling that has been issued in error. As Justice Jackson famously noted: "I see no reason why I should be consciously wrong today because I was unconsciously wrong yesterday." *Commonwealth of Massachusetts v. United States*, 333 U.S. 611, 639-40 (1948) (Jackson, J., dissenting).

In these motions, Defendants point to nothing the Court overlooked when it ruled on Wells Fargo's motions, nor do they point to any error made on the record then

presented. Rather, they engage in lengthy arguments that are not obviously meritorious and that they could have presented before the Court ruled but did not.

Reconsideration is denied.

### 3. Interlocutory Review

Defendants request permission to appeal. *See* 12 V.S.A. § 4939 (providing in the case of final judgments: "When a judgment is for the foreclosure of a mortgage, permission of the court shall be required for review."). Because this case remains in an interlocutory phase, they presumably seek interlocutory review pursuant to Appellate Rule 5. To the extent Defendants wish to request to appeal from the Court's final judgment, they must make such a motion after entry of final judgment.

Appellate Rule 5(b)(1) allows the Court to permit an immediate appeal of an interlocutory order if the Court concludes that the order: (1) involves a controlling question of law (2) about which there exists substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the termination of the litigation. V.R.A.P. 5(b)(1). "The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." 16 Wright & Miller, *et al., Fed. Prac. & Proc. Juris.* § 3930 (3d ed.). In making that assessment, the Court recognizes that permissive interlocutory review is a very limited exception to the "well-established policy of avoiding piecemeal appeals." *Castle v. Sherburne Corp.*, 141 Vt. 157, 162 (1982).

This is not an appropriate case for interlocutory review. Defendants do not identify the controlling question of law for which they seek review, they do not explain why there is substantial ground for difference of opinion as to that issue, and there is no

22-CV-01936 WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1 v. Fuad Ndibalema et al

prospect whatsoever that interlocutory review would materially advance the termination of the litigation—it would do little other than to delay it further.

    4.    <u>Stay of execution</u>

Defendants seek a stay of execution. Execution typically refers to a "court order directing a sheriff or other officer to enforce a judgment" or, more generally, to an "act of carrying out or putting into effect (as a court order or a securities transaction)." Black's Law Dictionary (12th ed. 2024), execution. There is nothing being executed in this case, so there is no meaningful way to stay any execution.

More to the point, however, there is no basis for staying this case or any part of it. This case was filed more than 3 years ago. A stay would do nothing but delay the case further.

<u>Conclusion</u>

For the foregoing reasons, Defendants' Motions 12, 14, and 15 are denied.

Electronically signed on Thursday, June 5, 2025, per V.R.E.F. 9(d).

 

_____

Timothy B. Tomasi
Superior Court Judge